

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2005

# Phillips v. Sheraton Society

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4597

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Phillips v. Sheraton Society" (2005). *2005 Decisions.* Paper 63.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/63

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-61                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4597

_____

ERIC PHILLIPS,

Appellant

v.

SHERATON SOCIETY HILL

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-05659)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2005

BEFORE:  SLOVITER, MCKEE AND FISHER, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed   December 21, 2005  )
_____

OPINION
_____

PER CURIAM

Eric Phillips appeals the September 14, 2005, order of the United States District

Court for the Eastern District of Pennsylvania dismissing <u>sua</u> <u>sponte</u> his employment

discrimination complaint.

In December 2004, Phillips filed a complaint claiming that he injured his back in a non-work related accident on July 4, 2003. He alleged that when he informed the manager of his injury and of his need for physical therapy, the manager told him that he would not be compensated for "work time off the schedule." Phillips sought back pay and damages. The District Court granted Phillips in forma pauperis status and appointed counsel to represent him. After the Sheraton Society Hill filed an Answer, the District Court dismissed the Complaint sua sponte for nonexhaustion because Phillips did not allege that he had received a right-to-sue letter. The District Court also denied Phillips's motion for reconsideration, concluding that both Phillips's complaint and reconsideration motion were devoid of any assertion that he had contacted the EEOC or received a right-to-sue letter. Phillips timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's order granting dismissal is plenary. See Anjelino v. New York Times Company, 200 F.3d 73, 87 (3d Cir. 2000). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved. Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., et al., 171 F.3d 912, 919 (3d Cir. 1999). Both parties were given notice that the Court may take summary action, specifically that the Court may affirm, reverse, vacate, modify or remand the judgment or order appealed. The parties had until November 15, 2005 to submit written arguments in support of or in opposition to

2

summary action. The appellee has filed a brief in support of summary affirmance. For the reasons set forth in detail below, we will vacate the dismissal order and remand to the District Court for further proceedings.

The factual allegations in the Complaint appear to claim employment discrimination based on a disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (West 1995). The ADA requires that, prior to bringing a civil action in court, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA). If the charge has not been resolved by the EEOC within 180 days, the agency must issue a right-to-sue letter or the complainant may request a letter. Because the receipt of a right-to-sue letter indicates that a complainant has exhausted administrative remedies, a complainant may not bring an ADA suit without having first received one. See Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). However, failure to exhaust administrative remedies is a defense " in the nature of statutes of limitation and does not affect the District Court's subject matter jurisdiction." Anjelino, 200 F.3d at 87 (quoting Hornsby v. United States Postal Service, 787 F.2d 87, 89 (3d Cir. 1986)). Nonexhaustion constitutes a possible ground for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Anjelino, 200 F.3d at 88.

We are troubled by the fact that Phillips was given no opportunity to amend the

3

Complaint before the District Court <u>sua</u> <u>sponte</u> dismissed it. Phillips's failure as a <u>pro</u> <u>se</u> litigant to allege exhaustion does not warrant dismissal of this action with prejudice. "Even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment unless an amendment would be inequitable or futile." <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004) (citing other cases); <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997) (dismissal without leave to amend is warranted only on grounds of bad faith, undue delay, prejudice, or futility).[1]

There is no indication of bad faith, undue delay, or prejudice on this record to warrant dismissal without leave to amend. Phillips used a form complaint prompting him to state the facts of his case and the relief he sought. Notably, the only portion of the form complaint that addresses exhaustion does not require an affirmative statement from the plaintiff. Paragraph 5 simply requests that the plaintiff attach a copy of the Notice-of-Right-To-Sue letter to the Complaint "[i]f you filed charges with the Equal Employment Opportunity Commission or with the Pennsylvania Human Relations Commission." We cannot assume from Phillips's <u>pro</u> <u>se</u> Complaint that no right-to-sue letter exists or that he

---

[1] In <u>Alston</u>, we reiterated the suggestion that, where appropriate, District Judges expressly state to the plaintiff that s/he may amend within a specific time period and that application may be made to dismiss the action if no amendment is forthcoming. If the plaintiff does not wish to file an amendment, s/he may notify the court of his/her intent to stand on the complaint, at which time an order dismissing the action would be appropriate. <u>Id.</u>

failed to exhaust his administrative remedies merely because he failed to attach a right-to-sue letter. This kind of omission can be corrected by amendment and, therefore, permitting Phillips an opportunity to amend his Complaint would not be futile.

Accordingly, we will vacate the dismissal order and remand to the District Court for further proceedings consistent with this Opinion. On remand, Phillips should be allowed a reasonable time to file an amended complaint alleging exhaustion of his administrative remedies.