

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2004

# Alston v. Parker

Precedential or Non-Precedential: Precedential

Docket No. 03-2683

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Alston v. Parker" (2004). *2004 Decisions.* Paper 756.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/756

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES
COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2683
_____

GARY MARSHALL ALSTON
v.
WILLIAM PARKER; JACK SINGER
(N.J. (Newark) D.C. No. 95-cv-06158)
_____

GARY MARSHALL ALSTON
v.
CARROLL SIMMON; LYNDA
NAVRATIL
(N.J. (Newark) D.C. No. 95-cv-06159)

Gary Marshall Alston,
Appellant
_____

Appeal from the United States
District Court
for the District of New Jersey
(D.C. Civil Nos. 95-cv-06158
and 95-cv-06159)
District Judge: Honorable
William H. Walls
_____

Argued January 15, 2004

Before: SLOVITER, RENDELL and
ALDISERT, Circuit Judges.

(Filed: April 5, 2004)
_____

Joseph B. Young   **[ARGUED]**
New Jersey Protection & Advocacy, Inc.
210 South Broad Street, 3rd Floor
Trenton, NJ  08608
    *Counsel for Appellant*

Joanne Leone
Maria Desautelle   **[ARGUED]**
Office of the Attorney General of NJ
Division of Law
25 Market Street
Trenton, NJ  08625
    *Counsel for Appellees*
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

At the end of Gary Marshall Alston's 17-year sentence in a New Jersey prison, he was involuntarily committed to Greystone Park Psychiatric Hospital. While there, Alston sued various Greystone employees in a pro se § 1983 complaint, raising several challenges with respect to his prison sentence and his psychiatric commitment. Before the merits of Alston's claims could be tested, the District Court granted a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court concluded that Alston's pleading did not meet the factual specificity requirement for civil rights complaints and dismissed his complaint. Because we hold that the District Court subjected Alston's complaint to a heightened pleading standard no longer applicable in such civil rights cases, we will reverse.

## I.

Challenging his transfer to Greystone, Alston filed two pro se complaints under 42 U.S.C. § 1983 on December 4, 1995. In those complaints, which were later consolidated, Alston sought over $63 million in damages from four Greystone employees, who he contended had violated his rights. The employees included William Parker, Jack Singer, and Lynda Navratil (collectively, "Defendants").[1] The complaints, the pertinent text of which we set forth in the margin, are not models of clarity.[2] Yet, their thrust is clear enough: Alston questioned the basis of his transfer to

Greystone and requested the appointment of counsel to help advance his case.

The District Court referred the matter to a Magistrate Judge, who granted Alston's application for counsel on March 19, 1996. The threshold requirement for the appointment of counsel to indigent plaintiffs is the arguable legal and factual merit of a complaint. See Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The Magistrate Judge recognized two claims in Alston's complaint: 1) a claim that his 17-year term in prison caused him such harm that his sentence constituted cruel and unusual punishment; and 2) that his involuntary commitment, as Alston put it "without victim without evidence," violated due process. With respect to the latter claim, the Magistrate Judge cited Vitek v. Jones, 445 U.S. 480 (1980), in which the Supreme Court articulated the minimum procedural protections that must be afforded to a prisoner who is transferred to a psychiatric institution. Such procedures include fair notice and a hearing at which evidence may be presented. This Vitek claim is at the heart of Alston's complaint. The Magistrate Judge recognized the legal sufficiency of these claims, but noted at the same time the paucity of factual development. Nevertheless, after considering other factors, including his doubt that Alston could adequately present his case without assistance, he ordered counsel to be appointed.

Four years later, in August of 2000, the District Court finally appointed

---

[1] Although Alston also named "Carroll Simmon" as a defendant, the parties have been unable to identify such an individual.

[2] With the exception of misspellings, we set out Alston's allegations verbatim. In one complaint, Alston stated: "Defendant(s) slanderous allege that I was a threat(s) that got me six (6) month(s) more in jail without victim without evidence when than know I have no other right to petitioner the covered which I am exercising." In the other complaint, Alston stated: "Plaintiff did seventeen (17) years in hard labor and maximum security jail after serving this cruel and unusual punishment(s) I am denied release as the judiciary promised at the completion of my jail term I was transfer to another jail for an year now for allege medical reason(s) that never had existed until I got in this jail."

counsel for Alston.[3] By that time, Alston had been released from Greystone and his whereabouts were unknown. Eventually, his counsel successfully located him and entered into a representation agreement on November 7, 2000. One month later, on December 6, 2000, Alston's counsel filed a status update with the District Court. Counsel informed the District Court that it was attempting to locate, and serve Alston's pro se complaint on, the Defendants. A similar status update was filed on February 21, 2001. Notwithstanding these updates, on March 20, 2001, the District Court dismissed the case for lack of prosecution.

Subsequently, Alston's counsel successfully served the complaint on three out of the four named defendants and petitioned the District Court to reconsider its dismissal. On January 29, 2002, the District Court reinstated the case upon Alston's motion and vacated its earlier dismissal order. The Defendants responded by filing a 12(b)(6) motion, invoking various defenses, such as defects in the pleading, witness immunity, qualified immunity, and sovereign immunity.

The District Court determined that Alston's complaint was fatally defective, and on that basis, granted the motion to dismiss. Citing Darr v. Wolfe, 767 F.2d 79, 80 (3d Cir. 1985), the Court observed that it was "well settled" that civil rights complaints must be pled with factual specificity. Concluding that Alston's complaint was unsubstantiated and did not specifically set forth how each defendant infringed Alston's rights, the District Court found that Alston had not met the pleading requirements necessary to pursue a § 1983 action. The District Court further held that Alston had sufficient notice of this pleading defect, referring to the Magistrate Judge's admonition in 1996 that the allegations lacked factual support.[4] Accordingly, the District Court entered an order granting the Defendants' 12(b)(6) motion and dismissing the complaint. The order did not specify whether the dismissal was with or without prejudice, but pursuant to Fed. R. Civ. P. 41(b), we treat the dismissal as an "adjudication upon the merits." Subsequently, the District Court rejected Alston's motion for reargument and reconsideration. Alston appeals both the orders dismissing his complaint and denying reconsideration.

---

[3]There is nothing in the record before us that explains this unfortunate delay in the appointment of counsel.

[4]The District Court initially misspoke when it stated that counsel had seven years after its appointment to rectify the pleadings, since counsel had only been appointed in 2000. The Court corrected this error in its response to Alston's motion for reconsideration, noting that Alston's counsel nevertheless had more than enough notice and time to amend the defective complaint.

## II.

Alston's principal contention on appeal is that he should have been permitted to have discovery so as to comply with the fact-pleading standard imposed by the District Court. This Court has long recognized the importance of discovery in the successful prosecution of civil rights complaints. See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir. 1988) ("[I]n civil rights cases 'much of the evidence can be developed only through discovery' of materials held by defendant officials." (quoting Frazier v. Southeastern Pa. Transp. Auth., 785 F.2d 65, 68 (3d Cir. 1986)). We acknowledge Alston's need for discovery to present his case, which we discuss more fully below. But, the lack of discovery was not the real barrier blocking Alston's path to relief. Rather, it was the stringent pleading standard presupposed by the parties and the District Court. Our discussion therefore begins by examining the District Court's requirement of factual specificity, which is in conflict with Fed. R. Civ. P. 8(a)'s simplified notice pleading standard. We will then consider Alston's contention that the District Court should have presented an opportunity to amend the complaint before dismissing it with prejudice. Lastly, we will comment on the right to discovery in actions such as this.

## A.

Jurisdiction was proper in the trial court based on 28 U.S.C. § 1331. Our review is predicated on 28 U.S.C. § 1291.

We have plenary review of the District Court's grant of a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). In considering this appeal from a Rule 12(b)(6) dismissal, we accept all allegations as true and attribute all reasonable inferences in favor of Alston. Thus, we will affirm the District Court's dismissal only if it appears that Alston could prove no set of facts that would entitle him to relief. Id. at 65. We review the District Court's denial of reconsideration for abuse of discretion. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

## B.

The District Court tested Alston's complaint against a pleading requirement for civil rights cases based on our opinion in Darr v. Wolfe. The District Court observed that it was "well settled" that Third Circuit law requires civil rights plaintiffs to plead with particularity.[5] We disagree.

Alston's § 1983 complaint should have been considered not under a

---

[5]In seeking to affirm the District Court's order, the Defendants argue that pro se plaintiffs like Alston are not exempt from the strictures of heightened pleading. Brief for Appellee at 9 (citing Ressler v. Scheipe, 505 F. Supp. 155, 156 (E.D. Pa. 1981)).

heightened pleading requirement, but under the more liberal standards of notice pleading. Although once enforced in several circuits, including ours, a fact-pleading requirement for civil rights complaints has been rejected by the Supreme Court in no uncertain terms. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). In Leatherman, the Court instructed that Rule 9's standard for averments of fraud and mistake should not be imported to the notice pleading standard of Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. More recently, in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002), the Court reaffirmed its holding in Leatherman and stated that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." Our Court of Appeals has recognized the Supreme Court's abrogation of a heightened pleading requirement for § 1983 actions. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002) ("[T]he Court [has] explained that courts should narrowly interpret statutory language to avoid heightened pleadings standards."); Abbott v. Latshaw, 164 F.3d 141, 149 (3d Cir. 1998) (observing that nothing more is required of § 1983 cases than the notice pleading requirement of Rule 8).

While our ruling in Darr, 767 F.2d at 80, is one of several decisions in which this Court imposed a higher bar for § 1983 pleadings, see, e.g., Frazier, 785 F.2d at 67; Ross v. Meagan, 638 F.2d 646, 650 (3d Cir. 1981); Rotolo v. Borough of Charleroi, 532 F.2d 920, 922 (3d Cir. 1976), none of which have been expressly overruled, these pronouncements preceded and cannot be reconciled with the Supreme Court's holdings in Leatherman and Swierkiewicz. Insofar as our decisions, such as Darr, run counter to the principle of notice pleading in § 1983 actions, they are not controlling. Fundamentally, a heightened pleading requirement for civil rights complaints no longer retains vitality under the Federal Rules.[6]

---

[6]The Defendants likewise argue on appeal that Alston's complaint lacked sufficient factual support. But a plaintiff need not plead facts. To withstand a 12(b)(6) motion, a plaintiff need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules. Swierkiewicz, 534 U.S. at 512 ("This simplified notice pleading standard relies on liberal discovery rules . . . to define disputed facts and issues and to dispose of unmeritorious claims.").

The need for discovery before testing a complaint for factual sufficiency is particularly acute for civil rights plaintiffs, who often face informational disadvantages. See Colburn, 838 F.2d at 667. Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a

pre-trial investigation to fill in the gaps. But by itself, this lack of knowledge does not bar entry into a federal court. The principles of notice pleading and the liberal discovery rules allow for meritorious claims to proceed even if a confined prisoner cannot adduce all the necessary facts at the outset. For instance, our cases permit the naming of fictitious defendants as stand-ins until the identities can be learned through discovery. Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998). As the Magistrate Judge here recognized, counsel appointed under 28 U.S.C. § 1915(d) can help litigants like Alston surmount these obstacles to pleading. But legal help alone is insufficient; in such cases, access to discovery may well be critical. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."); see also Billman v. Indiana Dep't of Corr., 56 F.3d 785, 789-90 (7th Cir. 1995) (Posner, C.J.) ("The peculiar perversity of imposing heightened pleading standards in prisoner cases . . . is that it is far more difficult for a prisoner to write a detailed complaint than for a free person to do so, and again this is not because the prisoner does not know the law but because he is not able to investigate before filing suit."). If discovery is sought by a plaintiff, as it was here, and if it would aid in the

Alston's complaint should have been subject only to the "short and plain statement" requirement of Rule 8(a). Courts are to construe complaints so "as to do substantial justice," Fed. R. Civ. P. 8(f), keeping in mind that pro se complaints in particular should be construed liberally. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Comprising only two paragraphs in all, Alston's pro se complaint was "short" and, despite some vagueness, sufficiently "plain." Both the District Court and the Magistrate Judge found that the complaint, construed liberally, set forth cognizable legal claims. Likewise, the Defendants never argued that the complaint ran afoul of the short and plain statement requirement.[7] To the

identification of responsible defendants or the lack thereof, district courts should strongly consider granting it. Because Alston's complaint was dismissed before an opportunity for discovery, any expectation of factual sufficiency was premature. It is a first principle of federal civil procedure that litigants "are entitled to discovery before being put to their proof." Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998).

[7]It is likely, however, that the Defendants' pleading defect argument was a reaction to the fact that portions of Alston's complaint made little sense. But in that case, the parties and the District Court still had several procedural tools at their disposal. The Defendants, or the District Court on its own initiative, may have sought a more definite statement to

contrary, their 12(b)(6) motion was replete with defenses that responded to claims they discerned in Alston's complaint.

Although Alston's complaint arguably complies with Rule 8(a), we recognize that it lacks clarity and will likely require amendment. Indeed, his complaint has yielded varied interpretations. The Magistrate Judge recognized two claims, one involving the cruel and unusual punishment clause and the other a deprivation of due process. The Defendants, in their 12(b)(6) motion, focused instead on Alston's allegations of "slander," i.e., that he was committed to Greystone as a result of false testimony. In addition to these claims, Alston's response to the 12(b)(6) motion included claims concerning the double jeopardy and ex post facto clauses of the constitution. Given these varying interpretations of what is at issue, we concede that Alston's complaint may have lacked enough detail to have served its function as a guide to

resolve any ambiguity or vagueness. Fed. R. Civ. P. 12(e). Matters in the complaint that were deemed immaterial or impertinent could have been stricken. Fed. R. Civ. P. 12(f). Alternatively, the District Court could have dismissed the complaint without prejudice permitting Alston to amend the complaint to make it plain. By contrast, dismissals with prejudice may be appropriate where a party refuses to file an amended complaint or if the repleading does not remedy the Rule 8 violation. See In re Westinghouse Sec. Litig., 90 F.3d 696, 703-04 (3d Cir. 1996).

discovery. Cf. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."). Thus, we have no doubt that the complaint will require amendment. We are equally certain that Alston may have made some progress in that regard had he been afforded the opportunity. The denial of that opportunity to amend will be taken up next.

C.

While the District Court's error in granting Defendants' 12(b)(6) motion by imposing a fact-pleading requirement on Alston's complaint mandates that we remand the case to the District Court for further proceedings, Alston argues that irrespective of the appropriate pleading standard, he should have been given an opportunity to amend his complaint before dismissal. Indeed, Alston's counsel stated at oral argument that Alston intends to amend both the allegations and the parties named in the complaint. In particular, it appears that Alston will seek to strike all but the claim that his involuntary commitment violated due process and seek to add New Jersey state officials in their official capacity. We therefore discuss the issue of amendment as guidance for the District Court's consideration on remand.

We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6)

7

dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)). In Shane, we held that this aspect should be considered and noted in dismissing a claim for failure to state a claim:

> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

Id. at 116 (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).[8] As we noted in Shane, these principles apply equally to pro se plaintiffs and those represented by experienced counsel. 213 F.3d at 116 (citing District Council 47 v. Bradley, 795 F.2d 310, 316 (3d Cir. 1986)). Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. Id. at 115 (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

On remand, the District Court should offer Alston leave to amend pursuant to the above procedures for 12(b)(6) dismissals, unless a curative amendment would be inequitable, futile, or untimely. Neither the District Court nor the Defendants made or advocated such a finding, or even argued that there was bad faith, undue delay, prejudice, or futility.

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. In particular, Rule 15(a) provides that a party can amend the complaint to add or substitute parties, as Alston is apparently intending to do. Rule 15(c), however, sets forth requirements that determine whether an amendment adding an entirely new defendant will relate back to the original date of the filing of the complaint for purposes of the

---

[8]In the very case cited by the District Court to justify a heightened pleading requirement, Judge Maris went on to note that "this court has consistently held that when an individual has filed a complaint under § 1983 which is dismissable for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint and that denial of an application for leave to amend under these circumstances is an abuse of discretion." Darr, 767 F.2d at 81.

governing statute of limitations.

The relation back provision of Rule 15 aims to relieve the harsh result of the strict application of the statute of limitations. <u>Garvin v. City of Philadelphia</u>, 354 F.3d 215, 220 (3d Cir. 2003). The issue then becomes whether the proposed pleading amendment to add or substitute defendants will relate back to the date of the filing of the original complaint.[9] Rule 15(c)(3) requires that for an amendment adding a new party to relate back, the proposed new defendants must have had actual or constructive notice of the institution of the action within the period set forth by Rule 4(m), i.e., 120 days. <u>See</u> <u>Garvin</u>, 354 F.3d at 220 (explaining that "[t]he parties to be brought in by amendment must have received notice of the institution of the action within 120 days following the filing of the action, the period provided for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure").

The District Court should make all these determinations in the first instance.[10]

### III.

As we indicated at the outset,

Alston argues that he should have been given the opportunity to engage in some discovery in order to live up to the "specificity" standard the District Court imposed. We note, first, that, as discussed above, no such standard exists. Second, to the extent that in a civil rights action the Court finds that plaintiff may be disadvantaged by not having access to precisely who the relevant actors were, and their precise roles, perhaps access to some initial discovery would be advisable. We have noted the difficulty faced by plaintiffs in such situations. <u>See</u> <u>Colburn</u>, 838 F.2d at 667. While the Federal Rules do not provide for discovery in aid of pleading, as such, nonetheless it would be beneficial in difficult cases such as this. But, again, we note that it is not essential at the pleading stage in order to satisfy the standard of notice pleading, and the District Court did not abuse its discretion in not ordering it.[11]

The District Court dismissed Alston's complaint with prejudice and without leave to amend. We conclude that the District Court erred in applying a heightened pleading standard, and that, in light of the procedures for 12(b)(6) dismissal, the District Court should offer Alston an opportunity to amend his complaint absent inequity, futility, or untimeliness. Therefore, we will vacate

---

[9]Neither party discussed the issue in its brief, but were requested by the Court in advance to be prepared to discuss it at oral argument.

[10]Given the nature of our disposition, we need not address Alston's contention that the District Court erred by denying his motion for reconsideration.

[11]Rule 26(d) provides that discovery is not to commence until a discovery conference has occurred pursuant to Rule 26(f), which the District Court here did not schedule. Fed. R. Civ. P. 26(d), (f).

the order dismissing the complaint and will remand for further proceedings in accordance with this opinion.

———————————