

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2006

# Adegbuji v. Middlesex

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1304

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Adegbuji v. Middlesex" (2006). *2006 Decisions.* Paper 1479.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1479

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1304
_____

TOSIN ADEGBUJI, "ASYLUM SEEKER"

v.

MIDDLESEX COUNTY; MICHAEL T. ABODE; VITALE;
OLDHAM, & 8 Others at "B" Unit lockup; 7 OTHER
CORRECTION OFFICERS; PEDRO DELGADO; FRANK REDDING;
CUDDY; MICHAEL CICCHI; MICHAEL ESPOSITO; ABRUE

(NJ DC 03-cv-02217)

TOSIN ADEGBUJI

v.

MIDDLESEX COUNTY CORRECTIONS DEPT.; MICHAEL T. ABODE;
FRANK REDDING; PEDRO DELGADO; VITALE; 7 OTHER CORRECTION
OFFICERS

(NJ DC 03-cv-02366)

TOSIN ADEGBUJI

v.

MIDDLESEX CORRECTIONS DEPT.; MICHAEL ABODE;
MICHAEL CICCHI; MICHAEL ESPOSITO, WORK RELEASE OFFICE;
ARBUE, (First Name Unknown) Correctional Officer;
SEVERAL UNKNOWN NAMED OFFICERS

(NJ DC 03-cv-03221)

Tosin Adegbuji,

Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. Nos. 03-cv-02217; 03-cv-02366; 03-03221)
District Judge: Honorable William J. Martini

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 22, 2006

Before: BARRY, STAPLETON AND GREENBERG, CIRCUIT JUDGES

(Filed: March 7, 2006)
_____

OPINION
_____

PER CURIAM

This appeal arises from the order of the United States District Court for the District

of New Jersey dismissing Appellant Tosin Adegbuji's complaints pursuant to 28 U.S.C. §

1915(e)(2)(B).

At the time he filed the complaints, Adegbuji was a detainee awaiting removal

from the United States by the Bureau of Citizen and Immigration Services. In May and

July, 2003, he filed three actions under 28 U.S.C. § 1983 in the United States District

Court for the District of New Jersey.[1]  In these three actions, Adegbuji alleged that the defendants: (1) prohibited him from attending Sunday worship services while he was in administrative custody; (2) denied him access to the law library or legal papers while in segregation; (3) subjected him to cruel and unusual punishment with respect to other prison conditions in solitary confinement (no shower, toothbrush, mattress, blanket, soap, or hygiene items for 3 days; one shower a week, one jumpsuit per month, no visitation or commissary privileges, no fresh air recreation (or forced recreation when he did not want it) and no haircut or beard trim for twenty-seven days); (4) engaged in an unreasonable search and seizure in violation of the Fourth Amendment; (5) denied him access to the telephone and to legal and other mail; (6) failed to provide procedural due process in disciplinary hearings and with regard to deprivation of his personal property; and (7) violated his right under the Equal Protection Clause to be treated like other detainees.[2] He sought declaratory relief and damages.

---

[1]  The three complaints cover different time periods as follows: Civ. No. 03-02217 - April 15, 2003 through May 4, 2003; Civ. No. 03-02366 - May 9, 2003 through May 12, 2003; and Civ. No. 03-03221 - May 14, 2003 through June 9, 2003.

[2]  Adegbuji also claimed that his placement in solitary confinement due to his conscientious religious objection to "forced" recreation on a Sabbath day constituted persecution under the United States Convention Against Torture, Art. 1, and 8 C.F.R. 208.16(B)(1).  Because Adegbuji's disciplinary segregation was imposed pursuant to lawful sanctions, however, it would not be considered "torture" under the Torture Convention, Art. 1(1).

The District Court consolidated the actions and dismissed Adegbuji's complaints sua sponte for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

The District Court held that: (1) the prison rule restricting attendance at Sunday religious services during recreation time, which Adegbuji admitted only affected him while he was in solitary confinement for three days on two separate occasions, did not violate Adegbuji's First Amendment right of freedom of worship because the restriction, was short in duration and was reasonably related to the MCACC's legitimate penological goals of maintaining security and safety in the prison; (2) the strip search conducted upon his placement in administrative segregation did not violate Adegbuji's Fourth Amendment rights because the prison had a legitimate penological interest in maintaining a safe prison segregation environment free of weapons, drugs, and other contraband, and there was no allegation that the search itself was performed in an unreasonable manner; (3) although Adegbuji alleged that he was denied procedural due process under Wolff v. McDonnell, when the prison did not give him notice of disciplinary charges on May 4 and May 9, 2003, the related disciplinary reports attached to Adegbuji's Complaint show that he received separate notices for each set of charges and timely hearings were held; (4) the conditions of solitary confinement claims, alone, or in combination, could not establish that the defendants deprived him of any measure of life's necessities; (5) the Complaint failed to state an Equal Protection claim because there were no allegations from which the court could infer that inmates allegedly receiving more favorable treatment were similarly

4

situated, or that Adegbuji's allegedly disparate treatment resulted from intentional discrimination by the defendants; and (6) Adegbuji failed to state a claim of supervisory liability against the Commissioner of the Department of Corrections. Finally, the District Court dismissed as meritless all of Adegbuji's access to the courts claims on due process and other grounds. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal for failure to state a claim is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "We must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citation omitted). We will affirm the District Court's order dismissing Adegbuji's complaints only if it appears that he could prove no set of facts that would entitle him to relief. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). We will affirm as to all defendants and as to all claims for the reasons set forth in the District Court's Opinion, except the denial of access to the courts claims and denial of phone privileges claim, which are further discussed below.

Turning to his first access to the courts claim, Adegbuji alleged that he was denied access to the law library and was denied his legal papers and commissary supplies while he was in solitary confinement, causing him to miss filing deadlines in his immigration case. The District Court dismissed these claims, concluding that "the alleged conduct by the defendants was not a central component of the right of access to the courts, and therefore does not state a due process claim or a violation of the First Amendment." See

5

D.Ct. Opinion, at 21. We agree that the claim was correctly dismissed but for different reasons. Adegbuji failed to allege any actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that a claimant seeking damages for the denial of access to the courts must "demonstrate that the alleged" deprivation of legal materials "hindered his efforts to pursue a legal claim"). Adegbuji admits that he received continuances and does not allege that any case was dismissed for failure to file a timely pleading.

Likewise, Adegbuji alleged no actual injury with respect to his second access to the courts claim. There, he alleged that the defendants improperly returned legal mail from the District Court, namely an order denying a petition for writ of habeas corpus. Adegbuji claims that this caused him to miss the thirty-day appeal period.[3] But Adegbuji had sixty days within which to file an appeal because the defendant was a federal agency. Adegbuji filed a timely appeal in the habeas corpus case that resulted in a decision by this Court issued in April, 2004. See Adegbuji v. Quarrantillo, Civ. No. 02-04878.

Adegbuji's last access to the courts claim, however, should not have been dismissed sua sponte. In Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997), we held that Lewis merely requires a claimant to show that the deprivation led to an actual injury "such as the loss or rejection of a legal claim." Here, the District Court determined that

---

[3] The District Court also treated Adegbuji's claim as a due process claim, holding held that one isolated instance of interference with the mail did not rise to the level of a constitutional violation. D.Ct. Op., at 27-28. The case the District Court relied on, Morgan v. Montayne, 516 F.2d 1367 (2d Cir. 1975), impliedly dealt with a similar claim as a denial of access to the courts claim. We believe that Adegbuji's claim is better treated as a denial of access to the courts claim.

Adegbuji was only prevented from filing certain motions and responses in Immigration Court. The Complaint in Civ. No. 03-03221, however, alleges that Adegbuji was denied asylum as a result of the seizure of evidence. Specifically, Adegbuji alleged that on June 5, 2003, while he was confined in disciplinary segregation, correctional officers searched his cell on the pretext that they were looking for contraband and, in the process, seized two sets of newspapers that Adegbuji had received from family members. Inside the newspapers were photocopies of vital documents sent to him by his family in Nigeria along with a brief he had prepared in support of asylum. See Complaint, Civ. No. 03-03221, ¶¶ 23-25. He alleged that the papers were never returned to him and, as a result, the immigration court denied him asylum because he was unable to provide all of the required corroborative evidence needed to prove his claim.[4] Id., ¶¶ 26-27.

Based on Adegbuji's allegations, we conclude that he stated a claim of denial of access to the courts sufficient to survive sua sponte dismissal under § 1915(e)(2)(B)(ii). Moreover, Adegbuji's allegation that the cell search was pretextual suggests that the seizure was not simply the result of negligence on the defendants' part, and thus, the claim is not subject to dismissal on the alternate ground that it is non-cognizable because it alleges only negligence. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1277 (3d Cir. 1994) (holding that a negligent deprivation will not sustain a § 1983

---

[4] The District Court also treated this claim as asserting a deprivation of property without due process. For the reasons stated in its Opinion, the District Court correctly dismissed the claim because Adegbuji had an adequate post-deprivation remedy via the New Jersey Tort Claims Act. D.Ct. Op., at 28-30.

7

claim). Accordingly, we will vacate the District Court's order to the extent that it dismissed this claim.

Finally, the District Court erred in dismissing Adegbuji's denial of phone access claim raised in Civ. No. 03-03221, because he failed to allege specific instances when the defendants denied him telephone privileges while he was confined in segregation. As it stands, the allegations fail to state a due process claim or a denial of access to the courts claim. However, the District Court did not give Adegbuji an opportunity to amend his complaint, or otherwise determine that any amendment would be inequitable or futile. See Alston v. Parker, 363 F.3d 229, 235-236 (3d Cir. 2004).

For the foregoing reasons, we will vacate the District Court's order to the extent it dismissed Adegbuji's claims, raised in Civ. No. 03-03221, that he was denied access to the courts by the wrongful seizure of evidence vital to his asylum case and that he was wrongfully denied phone privileges. We will remand this matter for further proceedings consistent with this Opinion. We will affirm the District Court's order dismissing with prejudice the remaining claims raised in the consolidated action. Appellant's motion to supplement the record is granted.