

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2006

# Orama v. New Jersey

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Orama v. New Jersey" (2006). *2006 Decisions.* Paper 570.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/570

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1003
_____

HECTOR ORAMA,

Appellant

v.

STATE OF NEW JERSEY, DEPT
MORRIS CTY, BOARD OF SOCIAL
SERVICES 340 W. HANOVER,
MORRISTOWN, NEW JERSEY;
DEPARTMENT OF MORRIS COUNTY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 04-cv-05270)
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
July 21, 2006

BEFORE: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed August 17, 2006)

_____

OPINION
_____

PER CURIAM

Hector Orama appeals the dismissal of his complaint by the District Court for the District of New Jersey.

## I.

Orama filed a complaint against the Morris County Board of Social Services, now known as the Morris County Office of Temporary Assistance ("MCOTA"), captioned as an action for "false imprisonment, violation of my civil rights, discrimination, legal malpractice, post traumatic tension disorder for spending time in jail."  Complaint dated 10/28/2004.  MCOTA filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  The District Court granted the motion, and also granted Orama leave to file an amended complaint.  Orama filed two amended complaints, and MCOTA filed another motion to dismiss or alternatively a motion for summary judgment.  The District granted the second motion to dismiss, again finding that Orama had failed to state a claim upon which relief may be granted.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's grant of a motion to dismiss is plenary.  Green v. America Online, 318 F.3d 465, 470 (3d Cir. 2003).  We accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  Id.

Collectively, Orama's multiple complaints allege (1) that MCOTA failed to properly investigate a child support case, resulting in his false imprisonment, post-

2

traumatic stress, and police abuse when arrested on July 21, 1999 for failure to pay child support; (2) that he submitted to genetic testing on July 29, 1999 and the DNA test results received August 24, 1999 excluded Orama as the father; (3) that the child support case against Orama was vacated in October 1999, his driver's license was restored in November 1999, and he was reimbursed for prior child support payments; (4) MCOTA abandoned him by "leaving [him] homeless in the street", failing to provide mental help, and failing to provide him "with everything [he] needed"; and (5) discrimination and violation of civil rights. Complaint dated 10/28/2004; Supplemental Appendix of Appellee (hereinafter "Supp. Appdx.") at Ma-12 to 31 (amended complaints).[1]

Construing Orama's pro se complaint liberally, Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), we find that he is attempting to raise civil rights claims under 42 U.S.C. § 1983. Orama essentially argues that his constitutional rights were violated when MCOTA failed to investigate or determine paternity prior to the child support order and/or the arrest warrant being issued. To state a claim against a county or its agency under § 1983, the plaintiff must allege a policy or custom promulgated by that body's officers that directed or caused a constitutional deprivation. Marran v. Marran, 376 F.3d 143, 156 (3d Cir. 2004). Assuming, arguendo, that Orama has properly alleged a constitutional violation, he has not alleged a policy or custom of MCOTA that led to that violation.

---

[1] Despite the caption naming the State of New Jersey as a defendant, Orama has made clear that he was not suing the state. See Supp. Appdx. at Ma-12.

3

As to Orama's other allegations that MCOTA left him homeless and failed to provide him with mental help and other assistance, we find that these vague allegations fail to satisfy the notice pleading requirement of Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Alston, 363 F.3d at 232-33 (citations omitted).

Accordingly, Orama has failed to state a claim upon which relief can be granted, and we therefore affirm the District Court's dismissal of Orama's complaint.