

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2007

# Keefer v. Somerset Dist Atty

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4094

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Keefer v. Somerset Dist Atty" (2007). *2007 Decisions.* Paper 1015.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1015

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-224                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4094
_____

BROOKE A. KEEFER,
                                        <u>Appellant</u>

vs.

SOMERSET D.A. OFFICE; SOMERSET DETECTIVE JASON HUNTER; SOMERSET
CHILD SERVICES; DOMESTIC RELATIONS DEPARTMENT; SOMERSET
PROBATION; WILBURT BEACHY; SOMERSET BOROUGH POLICE; COURTS;
SOMERSET SOCIAL SECURITY ADMINISTRATION.
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00166J)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 10, 2007
BEFORE:  McKEE, FUENTES and WEIS, <u>CIRCUIT JUDGES</u>
(Filed June 4, 2007)
_____

OPINION
_____

PER CURIAM.

Brooke Keefer, proceeding pro se, appeals from the District Court's

1

dismissal of his complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. We have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court correctly ruled that Keefer's complaint does not state a claim in its current version. However, the complaint was erroneously dismissed with prejudice and we conclude that Keefer should have the opportunity to amend. Accordingly, pursuant to L.A.R. 27.4 and I.O.P. 10.6, we will summarily vacate the District Court's memorandum order entered August 22, 2006, and remand for further proceedings.

On July 24, 2006, Keefer filed a document with the District Court which explains that he would like to commence a "discrimination/entrapment suit" but that he does not understand how to fill out the forms sent to him by the District Court. The document then alleges that throughout the past 28 years several Somerset Borough officials and departments, among others, discriminated against and entrapped Keefer and his family. The allegations, which are set forth in nine numbered paragraphs, are vague and conclusory at best.

Keefer sought to proceed in forma pauperis, and the District Court granted his motion, but simultaneously dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). The Court said that "[w]hile the allegations may be 'real' to plaintiff, a reasonable person would find them fanciful and wholly without any factual basis. No amount of repleading could save them from being frivolous."

In our view, the complaint is not detailed enough to permit a court to

2

appraise the allegations' viability. Accordingly, rather than dismissing the complaint with prejudice, we believe that it should have been without prejudice, thus allowing Keefer the opportunity to amend his complaint. See Alston v. Parker, 363 F.3d 229, 235-36 (3d cir. 2004); Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) ("leave to amend must be granted sua sponte before dismissing" civil rights complaints).

Accordingly, we will vacate the District Court's August 22, 2006 memorandum order and remand this matter for further proceedings.