CLD-287                                                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2264
_____

SHAWN MARTIN FINCH,
Appellant

v.

CAMBRIA COUNTY PRISON

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-cv-00330)
District Judge:  Honorable Kim R. Gibson

_____

Submitted by the Clerk for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 10, 2010

Before:  BARRY, FISHER and GREENAWAY, Circuit Judges.

(Filed:  October 6, 2010)
_____

OPINION
_____

PER CURIAM

Appellant Shawn Martin Finch, proceeding pro se, appeals from the District

Court's dismissal of his civil action.  For the reasons that follow, we will summarily

affirm the judgment of the District Court.

Finch initiated the underlying action in the United States District Court for the Western District of Pennsylvania on December 29, 2009, by filing a motion for leave to proceed in forma pauperis ("IFP"). Attached to the motion was a one-page proposed complaint naming Cambria County Prison as the defendant, and "federal question, 28 U.S.C. Section1331" as the source of jurisdiction. The complaint alleged only that a prison guard gave the coroner the wrong identification card to proceed with an autopsy. Based on this, Finch claimed that he suffered defamation, anxiety, mental anguish, traumatic stress, and various physical and psychological ailments.

The Court concluded that there was no basis for it to assert subject matter jurisdiction from the face of the complaint and, therefore, issued an order dismissing the action for lack of jurisdiction and denying the motion to proceed IFP as moot. Finch then filed a more thorough IFP application and added facts to his proposed complaint. His filing was docketed as a "motion for reconsideration." According to his revised complaint, on September 22, 2006, while he was incarcerated at Cambria County Prison, the inmate in the cell next to his committed suicide. Finch alleged that the coroner mistakenly conducted the autopsy and issued the death certificate under Finch's name. Finch claimed that this violated his rights under the Eighth, Fourteenth, and Fifteenth Amendments and constituted unconstitutional discrimination.

While his "motion for reconsideration" was pending, Finch filed a notice of appeal in this Court. The District Court subsequently granted Finch's motion, vacated its order

dismissing the action, granted his motion to proceed IFP, and referred the matter to the Magistrate Judge for further proceedings. The Magistrate Judge held that the prison itself could not be held liable under a theory of respondeat superior, that Finch failed to state a claim upon which relief could be granted, and that even if he could, his claim would likely be time-barred. The District Court adopted the Report & Recommendation as the opinion of the Court and dismissed the complaint for failure to state a claim.

Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6. After granting a litigant leave to proceed IFP, the District Court is required to dismiss his complaint if it fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons given by the District Court, we agree that Finch's complaint failed to allege any actionable violation of his constitutional rights and that any amendment would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Based on the foregoing, we conclude that this appeal presents no substantial question and, therefore, will summarily affirm. See 3d Cir. LAR 27.4; I.O.P. 10.6. Finch's motion to proceed IFP on appeal is granted.