**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1515
_____

DANTE BURTON,

Appellant

v.

SUPERINTENDANT GERALD L. ROZUM; MAJOR DANIEL GEHLMANN;
UNIT MANAGER EDWARD MULLIGAN; UNIT MANAGER CHRIS MCNELIS;
CHIEF GRIEVANCE OFFICER DORINA VARNER; JOHN DOE PUBLIC
EMPLOYEE INSURANCE PROVIDER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 09-cv-00324)
Magistrate Judge:  Keith A. Pesto
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2011

Before: RENDELL, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed  April 6, 2011 )

_____

OPINION
_____

PER CURIAM

Dante Burton appeals pro se and in forma pauperis from the United States District Court for the Western District of Pennsylvania's sua sponte dismissal of his complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, we will vacate the District Court's order and remand for further proceedings.

I.

In 2009, Burton filed a 42 U.S.C. § 1983 complaint against several employees of the Pennsylvania Department of Corrections, alleging that he was retaliated against for filing a successful grievance. In particular, he asserted that, after filing a grievance that resulted in his compensation for the loss of clothing, he was transferred to another prison block, which caused him to lose his job. He also stated that the defendants' explanation for the move—that it was based on institutional security and/or operational needs—was pretextual.

The Magistrate Judge screened the complaint sua sponte pursuant to 28 U.S.C. § 1915A, which requires the court to dismiss a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such action. The Magistrate Judge then dismissed, with prejudice, the complaint after determining that Burton could not make out a prima facie case of retaliation.

Burton now appeals. [1]

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the sua sponte dismissal of a complaint is plenary.  *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  To survive dismissal, a complaint need only contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, the Magistrate Judge explained that a prisoner bringing a retaliation claim must allege that:  (1) the plaintiff took some action itself protected by the constitution; (2) the defendant took adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the plaintiff's protected conduct and the adverse action.  *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).  The Magistrate Judge determined that Burton's complaint failed to state a claim because "a transfer from one area of a prison to another, which is the only constitutionally significant adverse action alleged by plaintiff, is as a matter of law insufficient to deter any person from pursuing his constitutional rights."

The Magistrate Judge's decision is problematic.  First, the constitutionally protected act at issue is Burton's filing of the grievance (not the transfer to a different cell block), and a retaliation claim is not foreclosed even though the particular privilege that

---

[1] Because Burton consented to the Magistrate Judge's adjudication of his complaint, he is entitled to appeal directly to this Court.  *See* 28 U.S.C. § 636(c)(3).

has been taken away does not implicate a constitutional right. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Allah*, 229 F.3d at 224-25. Second, although a transfer to a different cell block may not be an adverse action "sufficient to deter" an ordinary person from filing a grievance, the Magistrate Judge failed to acknowledge that the transfer resulted in the loss of Burton's prison job, which may constitute a sufficiently serious adverse action.

Because the Magistrate Judge's decision misconstrues Burton's allegations as to the first two prongs of the pleading requirements for a retaliation claim, we will vacate the decision. Moreover, we note that district courts must generally permit amendment of a complaint that is vulnerable to dismissal where a responsive pleading has not yet been filed, even if the plaintiff does not seek leave to amend. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (observing that in civil rights cases, "leave to amend must be granted sua sponte before dismissing" the complaint); *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004) (stating that dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, or futility).

Accordingly, we will vacate the February 5, 2010 decision and remand the matter for further proceedings consistent with this opinion.