In re the HARRIS AGENCY,
LLC, Debtor.

R. Todd Neilson, Chapter 11 Trustee
for the Harris Agency, LLC,
Plaintiff,

v.

Deborah Agnew, H. James Agnew, Alliance National Insurance Company, Alliance Risk Management, LLC, Archway Insurance Services, LLC, Eric Boassard, Nevada Investment Partners, Randall Siko, Trinity Capital Management Group, LLC, Union One Insurance Group, LLC, Defendants.

Bankruptcy No. 09–10384 (JKF).
Adversary No. 11–0471.

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 29, 2012.

Bradford J. Sandler, Bruce Grohsgal, Pachulski Stang Ziehl & Jones LLP, Wilmington, DE, for Plaintiff.

John J. Barrett, Jr., Reger Rizzo & Darnall LLP, Philadelphia, PA, Philip A. Yampolsky, Law Office of Philip A. Yampolsky, Narberth, PA, for Defendants.

## ORDER

JEAN K. FITZSIMON, Bankruptcy Judge.

**AND NOW, this 29th day of August, 2012, WHEREAS:**

A. The Debtor the Harris Agency (the "Debtor") filed a voluntary petition for Chapter 11 bankruptcy protection on January 20, 2009.

B. The original complaint (the "Original Complaint") in this adversary proceeding was filed on June 16, 2011. Doc. # 1.

C. Upon consideration of the Defendants' Motion to Dismiss the Original Complaint (the "First Motion to Dismiss") and the Objections thereto (Doc. nos. 4, 6 and 13), the Court entered an Order on October 21, 2011, dismissing counts one, two, three, four and ten of the Original Complaint without prejudice (the

"Dismissal Order").[1] Doc. nos. 19 and 20.

D. Following stipulations by the parties to extend certain deadlines, the Trustee filed an eleven-count amended complaint (the "Amended Complaint") on March 9, 2012. Doc. # 44.

E. On May 16, 2012, Defendants Alliance National Insurance Company ("Alliance"), Alliance Risk Management, LLC, Archway Insurance Services, LLC ("Archway"), Nevada Investment Partners ("NIP") and Union One Insurance Group (collectively, the "Entity Defendants") filed an Answer to the Amended Complaint. Doc. # 48.

F. The same day, Defendants Deborah Agnew, H. James Agnew, and Eric Bossard, joined by Defendants Randall Siko and Trinity Capital Management Group (collectively, the "Moving Defendants"), filed a Motion to Dismiss the Amended Complaint (the "Motion to Dismiss" or the "Motion"). Doc. nos. 49 and 50.

G. The detailed background of this proceeding was outlined in the Dismissal Order and will not be repeated here.

\*       \*       \*

H. In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if accepted as true, state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 [127 S.Ct. 1955, 167 L.Ed.2d 929] (2007).

I. "Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal* [556 U.S. 662], 129 S.Ct. 1937, 1949–50 [173 L.Ed.2d 868] (2009)(internal citations omitted).

J. The Third Circuit recently outlined a three-part test in deciding a motion to dismiss pursuant to Rule 12(b)(6): First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action,* 678 F.3d 235, 243 (3d Cir.2012) (internal quotes and citations omitted).

\*       \*       \*

It is hereby **ORDERED** that:

■ 1. The Motion is **GRANTED** with regard to **Count I** and **Count I will be dismissed** with regard to the Moving Defendants.[2]

---

1. The remaining counts of the Original Complaint were not dismissed. *See* Doc. nos. 19 and 20.

2. Count I states a claim for avoidance of preferential transfers pursuant to section 547 of the Code. The Moving Defendants correctly argue that the Amended Complaint fails satisfactorily to allege that they are creditors of the Debtor. *See* 11 U.S.C. § 547(b)(1); Motion at 6.

In response, the Trustee points to paragraphs 16 and 30 of the Amended Complaint, neither of which mentions by name any of the Moving Defendants. In fact, upon review of the footnotes to these paragraphs, it is clear

■ 2. The Motion is **GRANTED** with regard to **Counts II, III, and IV** and **Counts II, III, and IV will be dismissed** with regard to the Moving Defendants.[3]

3. The Motion is **DENIED** with regard to **Count V**.[4]

4. The Motion is **GRANTED** with regard to **Count VI** and **Count VI will be** dismissed with regard to the Moving Defendants.[5]

■ 5. The Motion is **GRANTED** with regard to **Count VII** and **Count VII will be dismissed** with regard to the Moving Defendants.[6]

that the statements concern the Entity Defendants, rather than the individuals.

3. Counts II, III, and IV seek to avoid and recover allegedly fraudulent transfers pursuant to sections 544, 548, and 550 of the Code and related state law provisions. The Moving Defendants assert that these counts should be dismissed because nothing of value was transferred to or on behalf of them. Motion at 7–8. The Trustee counters that because the Moving Defendants own and control the entities, they are the "ultimate and intended beneficiaries of the transfers." Objection at 7.

While it is possible for a trustee to recover from a transferee or entity "for whose benefit [a] transfer was made," 11 U.S.C. § 550(a)(1), the Amended Complaint fails adequately to allege that the purported fraudulent transfers were made for the benefit of the Moving Defendants.

The term "entity for whose benefit such transfer was made" is not defined by the Code; however it is generally taken to mean someone, "other than an initial or subsequent transferee, who receives the benefit of the transfer from the debtor, but does not receive the actual money." *In re Pathnet, Inc.*, 2002 WL 31952793, at *5 (Bankr.E.D.Va. Aug. 14, 2002).

Here, the Trustee has merely stated that the Moving Defendants are in control and directed the actions of the Entity Defendants. This does not necessarily mean that the alleged transfers benefitted them and is, therefore, an insufficient factual allegation to survive a motion to dismiss. *See, e.g. In re Direct Response Media, Inc.*, 466 B.R. 626, 654 (Bankr.D.Del. 2012) (dismissing fraudulent transfer counts as to certain Defendants where it was not pled that those Defendants were either initial transferees or entities for whose benefit the transfers were made).

4. Count V seeks enforcement of this Court's December 28, 2009 Order (doc. # 156 in the main case) which orders, *inter alia*, that the Debtor recover certain payments from Archway Insurance Services, LLC (the "Archway Order").

The Moving Defendants' argument that the Archway Order "has nothing to do with" them is not well taken for at least two reasons. Motion at 9. First, the Complaint alleges that the Debtor failed to recover the payments from Archway "under the individual Defendants' control." Amended Complaint ¶ 95. Second, the individual Defendants are owners of Archway Insurance Services, LLC and, therefore, the Trustee's allegation that they may be involved with the alleged lack of payment is logical. *See* Exhibit A to Original Complaint.

5. Count VI seeks to recover post-petition transfers pursuant to 11 U.S.C. § 549. For the reasons stated in footnote 3, *supra*— namely that the Amended Complaint fails to allege a transfer for the benefit of the Moving Defendants—this cause of action may not survive with regard to these specific Defendants. *See also* 5 *Collier on Bankruptcy* 550.02[4] (16th ed. 2012).

6. In Count VII of the Amended Complaint, the Trustee states a claim for turnover pursuant to 11 U.S.C. § 542(a) (an entity "in possession, custody, or control ... of property that the trustee may use, sell, or lease ... shall deliver to the trustee ... such property...."). *See* 5 *Collier on Bankruptcy* 542.02[2] (16th ed. 2012).

Because the Amended Complaint does not directly allege that the Moving Defendants themselves possess, own, or control property that would be of value to the Plaintiff, Count VI I shall be dismissed with regard to them. *See e.g., Rosen v. Dahan (In re Minh Vu Hoang)*, 452 B.R. 902, 908 (Bankr.D.Md. 2011) ("Section 542(a) addresses cases where the defendant is or has been *in possession* of property of the estate...." (emphasis in original)).

■ 6. The Motion is **DENIED** with regard to **Count VIII**, but **GRANTED** with regard to **Count IX**; Count IX **will be dismissed** with regard to Defendant Deborah Agnew.[7]

■ 7. The Motion is **GRANTED** with regard to **Counts X and XI** and **Counts X and XI will be dismissed** with regard to the Moving Defendants.[8]

■ 8. The Trustee shall have until September 14, 2012 to file a Second Amended Complaint, if he chooses.[9]

**7.** The Motion to Dismiss asks that Counts VIII and IX be dismissed against Deborah Agnew only.

Count VIII, stating a cause of action for breach of fiduciary duty against the "individual Defendants" does, contrary to the assertion of the Moving Defendants, make an allegation against Ms. Agnew. Paragraph 108 of the Amended Complaint makes clear that "individual Defendants," refers to owners of NIP. The owners of NIP are: James Agnew, Deborah Agnew, Eric Boassard, Frederick Milbert, and Randall Siko. *See* Exhibit A to the Original Complaint. Because Deborah Agnew is included in the group of "individual Defendants" as defined in Count VIII, the Motion (seeking to dismiss with regard to Deborah Agnew) will not be granted with regard to this cause of action.

However, Count IX, stating a claim for Aiding and Abetting Breach of Fiduciary Duty, exclusively states a claim against James Agnew and does not address, mention or discuss any other Defendant. Therefore, this count will be dismissed against Deborah Agnew, as requested in the Motion to Dismiss.

The Trustee indicates in his Objection that Deborah Agnew may be liable for Aiding and Abetting simply because she is the wife of James Agnew. Objection at 13. The Trustee cites no law for this proposition and the Court could not locate any.

**8.** The Trustee has not stated a cause of action to recharacterize the Moving Defendants' debt as equity or to equitably subordinate their claim first and foremost because, as discussed in footnote two, *supra*, the Plaintiff has not alleged any debt owed to the Moving Defendants. *See* 11 U.S.C. §§ 502 and 510 (provisions of the Code based on proofs of claims having been filed).

**9.** The court does not conclude that another amendment would be inequitable or futile, and therefore such amendment is permitted. *See Alston v. Parker*, 363 F.3d 229, 235–36 (3d Cir.2004).