**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2913
_____

JASON L. BROWN,
Appellant

v.

C.B.H. OF PHILADELPHIA, et al.; CITY OF PHILADELPHIA
DEPARTMENT OF HEALTH AND HUMAN SERVICES;
JOAN L. ERNEY, C.B.H. of Philadelphia Chief Executive Officer
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-17-cv-03241)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2018

Before:   SHWARTZ, KRAUSE and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 1, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In July 2017, pro se appellant Jason L. Brown filed a complaint in the United States District Court for the Eastern District of Pennsylvania against Community Behavioral Health of Philadelphia (CBH), its Chief Executive Officer, and the Philadelphia Department of Health and Human Services (DHHS). The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), determined that it was both frivolous and failed to state a claim under subsections (B)(i) and (ii), and directed Brown to file an amended complaint. Brown did so, but the District Court determined that the amended complaint did not remedy the deficiencies contained in the initial complaint.[1] Therefore, the District Court dismissed the amended complaint with prejudice. Brown appealed.

We have reviewed the record and agree with the District Court that the amended complaint failed to state a claim under § 1915(e)(2)(B).[2] Although a complaint need not provide detailed factual allegations to state a claim for relief, the Supreme Court has held that its "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In his

---

[1] In addition to determining that the amended complaint was frivolous and failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the District Court also determined that the pleading failed to contain "a short and plain statement of [any claims] showing that the pleader [was] entitled to relief" in accordance with Rule 8(a)(1) and (2) of the Federal Rules of Civil Procedure. To the extent that Brown objects to this determination, we see no abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (stating that we review a district court's dismissal of a complaint for failure to comply with Rule 8 for an abuse of discretion).

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

amended complaint, Brown alleged that the defendants had violated his rights by mailing three documents to him: (1) a letter from the Chief Executive Officer of DHHS responding to an Inquirer article about a tragedy that had occurred at a residential treatment facility; (2) a pamphlet about nicotine and addiction; and (3) a letter notifying CBH members of its no-tobacco policy in its facilities. Brown claimed that, by mailing these documents to him, the defendants had violated "certain federal statutes" concerning "genocide" and "false statements relating to healthcare."[3] (Am. Compl. 1, ECF No. 7.) Brown did not provide any additional facts or identify any legal theories to support these allegations. Even construing Brown's pro se pleading liberally, see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), we agree with the District Court that he failed to state a claim upon which relief could be granted. Contrary to Brown's contention on appeal, the District Court acted within its authority in dismissing the amended complaint prior to service on this basis.

We have reviewed Brown's remaining arguments on appeal and conclude that they are meritless. In particular, we will not consider any factual allegations or legal theories that Brown raises for the first time here. See Harris v. City of Philadelphia, 35

---

[3] In support of his initial complaint, Brown cited 18 U.S.C. § 1035, a federal criminal statute governing false statements involving a health care benefit program, and § 1091, a federal statute governing acts of genocide. These criminal statutes do not, however, provide a cause of action in a civil suit. Furthermore, although Brown also cited in his initial complaint the First, Fifth, and Fourteenth Amendments of the Constitution, he failed to present any facts that would support a plausible violation of these Amendments.

F.3d 840, 845 (3d Cir. 1994).  Accordingly, we will affirm the District Court's order

dismissing the amended complaint.[4]

---

[4] Brown's motions to supplement the District Court record are denied as unnecessary to the extent that the motions include exhibits that are already part of the record, and denied to the extent that they include exhibits that were not before the District Court.  Brown's "motion pursuant F.R.A.P. 36(a)(1)(2)(b)(2)" is denied.