BLD-015                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3384
_____

FREDERICK ROLLE,
                                    Appellant

v.

UNITED STATES OF AMERICA; DAVID G. LARIMER; MARION W. PAYSON;
KOREY BROWN; ROB A. PONTE; WILLIAM BOOKER; HILLARY RODHAM
CLINTON; LOUISE MCINTOSH SLAUGHTER; GEORGE E. PATAKI; ROBERT J.
DUFFY; RANDY A. DANIELS; ALAN G. HERES; CHARLES E. SHUMER;
EVERADO A. RODRIGUEZ; GEORGE W. BUSH; HARLEY G. LAPPIN; HARRELL
WATTS; J.L. NORWOOD; WILLIAM A. SEISM; ERIC H. HOLDER; HENRY J.
SADOWSKI; MARK D. HOSKEN; K.M. WHITE; BARACK OBAMA; JERRY
MARTINEZ; ALBERTO GONZALES; ARLEN SPECTOR; ROBERT CASEY, JR.;
ED NETZBAND

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-00587)
District Judge: Honorable John E. Jones III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 21, 2010

Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed : November 1, 2010)
_____

OPINION
_____

PER CURIAM

Appellant Frederick Rolle, a Pennsylvania state prisoner who is proceeding pro se and in forma pauperis, seeks review of the district court's July 22, 2010 order dismissing his complaint.[1] For the following reasons, we will summarily affirm the district court's order.

I.

In March 2010, Rolle filed a complaint in the United States District Court for the Middle District of Pennsylvania, which named twenty-eight defendants and sought $1 billion in damages under the Federal Tort Claims Act for alleged violations of his constitutional rights. In particular, Rolle asserted that several state and federal officials engaged in a multifaceted conspiracy to "steal[] Government Public funds on government property with help from Treasure, [and] to false[ly] imprison [] Rolle by clear absence of all jurisdiction." Rolle also claimed, among other things, that he had been subject to malicious prosecution, and that several judges "created illegal nonprofit organization to steal indigent funds."

On June 29, 2010, the district court granted Rolle's application to proceed in

_____

[1] Rolle also seeks to reopen his appeal from the district court's March 25, 2010 administrative order directing the prison warden to deduct, in installments, the $350.00 filing fee from Rolle's prison account. (C.A. No. 10-2055.) Because this order is reviewable under the current appeal, it is unnecessary to reopen Appeal No. 10-2055. We have therefore denied it by separate order. Further, the district court acted well within its authority in issuing the administrative order. Rolle filed an application for leave to proceed in forma pauperis and a signed authorization form indicating that he understood that the full filing fee would be deducted from his prison account.

forma pauperis and screened his complaint under 28 U.S.C. § 1915, determining that he failed to state a claim upon which relief may be granted. The district court nevertheless gave Rolle an opportunity to file an amended complaint after concluding that it was not possible to "ascertain the nature of the constitutional violation Rolle alleges."[2] The district court ordered Rolle to file the amended complaint on or before July 12th, and informed him of the Federal Rules of Civil Procedure's requirements for the form and contents of complaints. Rolle did not, however, file an amended complaint, and on July 22, 2010, the district court dismissed his complaint and closed the case.

Rolle now appeals.

## II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm the district court's order because no substantial issues are presented on appeal. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The district court's June 29, 2010 and July 22, 2010 decisions explaining why Rolle's complaint is deficient are thoughtful and comprehensive, and we see no reason to discuss Rolle's claims in any detail here. Suffice it to say that the complaint was properly dismissed for the reasons fully explained by the district court. We also note that the district court correctly applied 28 U.S.C. § 1915(e)(2) to dismiss the complaint. *See*

---

[2] The district court denied Rolle's initial motion to amend his complaint, noting that, because the complaint had not been served on the defendants and no responsive pleading had been filed, he did not need the court's permission to amend his complaint. The sole amendment in the proposed complaint was to name only the United States as a defendant.

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111-12 (3d Cir. 2002). Our concerns regarding sua sponte dismissals under this statute are not at issue here, as the district court provided Rolle with an opportunity to amend his complaint. *See Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004) (stating that if a complaint is vulnerable to dismissal, a district court must first permit the plaintiff to file a curative amendment unless the dismissal is justified by bad faith, undue delay, prejudice, or futility).

For the foregoing reasons, we conclude that this appeal presents "no substantial question," 3d Cir. I.O.P. 10.6, and will thus summarily affirm the district court's July 22, 2010 order.