DLD-244                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1796
_____

ANTHONY ZANDERS,
                                        Appellant

v.

OFFICER FERKO; DEPUTY GLUNT; SUPERINTENDENT ROZUM

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:10-cv-00009)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2010
Before:  FUENTES, JORDAN AND HARDIMAN, Circuit Judges

(Opinion filed: August 6, 2010)
_____

OPINION
_____

PER CURIAM

Anthony Zanders, a Pennsylvania state prisoner proceeding pro se, appeals the

District Court's order dismissing, sua sponte, his complaint for failure to state a claim.

For the reasons that follow, we will summarily vacate the judgment and remand to the

District Court for further proceedings.

I.

In January 2010, Zanders filed a pro se complaint in the District Court against Superintendent Rozum, Deputy Glunt, and Officer Ferko, all prison officials at the State Correctional Institution at Somerset (SCI-Somerset) in Pennsylvania. The complaint alleged that Officer Ferko "started a chain of events that lead [sic] to this stroke I had," and that Officer Ferko "threaten[ed] me not to follow through with this suit." Attached to the complaint were several documents, including a grievance Zanders purportedly submitted to prison officials on July 27, 2009, and correspondence between himself and the prison's physician. In his grievance, Zanders alleged that "[o]n 7-26 and 7-27 of 09, I . . . was denied my breakfast meals and my lunch meals (that's four meals) by Officer Ferko . . . ." On the same day Zanders filed his grievance, he wrote to the prison's physician, claiming that "[l]ast week [Officer Ferko] did the same thing (denied me meals) and I had to be removed from my cell and have my blood pressure monitored over night because it was so high . . . ."

The District Court referred Zanders's complaint to a Magistrate Judge, who issued a report recommending that the court dismiss the complaint – without leave to amend – for failure to state a claim. On February 24, 2010, the District Court adopted the Magistrate Judge's recommendation and dismissed the complaint. This appeal followed.[1]

––––––––––––––––––––

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

2

II.

If a complaint is vulnerable to dismissal for failure to state a claim, a District Court must grant the plaintiff leave to amend "unless an amendment would be inequitable or futile." See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here, Zanders's complaint may have failed to state "sufficient factual matter" to support the plausibility of his claims, and the District Court properly dismissed the complaint. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948–49 (2009). The District Court, however, did not explicitly hold, nor can we conclude, that amendment would be futile or inequitable.

In light of Zanders's claim that he suffers from diabetes, high blood pressure, and heart problems, he might be able to allege facts sufficient to state a claim for deliberate indifference under the Eighth Amendment based on prison officials' alleged withholding of meals. See Foster v. Runnels, 554 F.3d 807, 815 n.5 (9th Cir. 2009) (noting that "[t]his conclusion, that the deliberate and unnecessary withholding of food essential to maintain normal health can violate the Eighth Amendment, is well supported by case law") (citations omitted). Additionally, his allegation that Officer Ferko threatened him not to pursue this lawsuit might, with more factual allegations, state a claim for retaliation under the First Amendment. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) ("A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his

3

constitutional rights and the adverse action taken against him.") (internal quotation marks and citation omitted). Finally, affording Zanders an opportunity to amend would not be inequitable. He has not acted in bad faith or caused undue delay in this case; nor would Appellees be prejudiced by granting leave to amend, as it appears that they have not yet been served with the complaint. See Alston, 363 F.3d at 236 (citation omitted).

Accordingly, the District Court erred in sua sponte dismissing Zanders's claims without providing him an opportunity to amend his complaint. Because this appeal does not present a substantial question, we will summarily vacate the District Court's order and remand with instructions to grant Zanders leave to amend his complaint. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.