**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4411
_____

ANTHONY ZANDERS,
                                        Appellant

v.

OFFICER FERKO; DEPUTY GLUNT; SUPERINTENDENT ROZUM; UNIT
MANAGER ONSTEAD; UNIT MANAGER PUTTMAN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 3-10-cv-00009 )
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2011
Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: July 22, 2011)

_____

OPINION
_____

PER CURIAM

Anthony Zanders, proceeding pro se, appeals an order of the United States District

Court for the Western District of Pennsylvania dismissing his civil rights complaint.  For

1

the reasons that follow, we will affirm the judgment of the District Court.

Zanders, a Pennsylvania state prisoner at SCI-Somerset, filed a complaint in District Court against three prison employees, Superintendent Rozum, Deputy Glunt, and Corrections Officer Ferko. Zanders alleged that Ferko threatened him not to file his complaint and that the threats caused him to have a stroke on September 22, 2009, leaving him paralyzed on one side. Zanders attached various documents to his complaint, including a copy of a grievance Zanders had submitted alleging that Ferko had denied him meals on July 26 and July 27, 2009, resulting in Zanders' removal from his cell for blood pressure monitoring. The documents also reflect that Zanders has diabetes and that Ferko admitted that Zanders did not receive his lunch on July 27, 2009, due to his misconduct while housed in the restricted housing unit.

The District Court adopted the Magistrate Judge's recommendation to dismiss Zanders' complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief could be granted. Because the District Court did not provide Zanders an opportunity to amend his complaint, and we could not conclude that amendment would be futile or inequitable, we summarily vacated the District Court's order on appeal and remanded with instructions to grant Zanders leave to amend his complaint. See Zanders v. Ferko, 389 F. App'x 88 (3d Cir. 2010) (per curiam) (unpublished decision).

Zanders filed an amended complaint against Officer Ferko and Superintendent

2

Rozum.[1] Zanders alleged that he is a diabetic, that he suffers from high blood pressure and a heart condition, and that he controls these conditions with medication. He averred that Ferko denied him lunch on July 26, 2009, and that, as a result, he was taken to the medical unit and his blood pressure was monitored. Zanders further alleged that he was denied breakfast and lunch on July 27, 2009, as punishment for misconduct. He stated that he had told Ferko about his medical condition and that Ferko was required to know his medical condition. Zanders stated that he filed a grievance against Ferko without success and that Ferko then threatened him on numerous occasions in retaliation for exercising this right. Zanders alleged that the stress and fear Ferko caused resulted in his suffering a stroke, which left him paralyzed. Zanders also claimed that Ferko violated a prison policy prohibiting withholding food as a disciplinary measure and that Superintendent Rozum failed to punish Ferko and condoned Ferko's harassment. Zanders alleged that the defendants interfered with his medical needs by denying him meals and violated his Eighth Amendment rights.

The Magistrate Judge recommended that the District Court dismiss the amended complaint without leave to amend. The Magistrate Judge noted that we had already

[1]Prior to this filing, Zanders had filed an amended complaint on August 23, 2010, concerning the conditions of his confinement, complaining that he was confined in a non-handicapped cell after suffering his stroke and that he was injured as a result. The Magistrate Judge gave Zanders an opportunity to amend his complaint again, noting that Zanders had not alleged that any of the defendants were deliberately indifferent to his needs and that his amended complaint concerned a different grievance than his original complaint. Zanders did not include claims regarding his cell in the amended complaint filed on September 16, 2010, which is the complaint at issue in this appeal.

found insufficient Zanders' "claim that Ferko was deliberately indifferent to the risk that an alleged denial of meals in July, despite daily medical monitoring, would cause a stroke in September." Report at 2-3. The Magistrate Judge further stated that the District Court was not required to accept "the implausible underlying claim that missing some of plaintiff's scheduled meals in July caused a stroke in September." Report at 3.

Zanders filed objections to the Magistrate Judge's report, arguing that the Magistrate Judge failed to address his retaliation claim or the fact that it was the denial of meals that led to his need for medical care. Zanders also asserted that the Magistrate Judge misrepresented our earlier decision. The District Court found the objections meritless, dismissed the complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim for relief, and adopted the Magistrate Judge's report. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Although we disagree with the Magistrate Judge's characterization of our earlier decision, we agree with the District Court's ultimate conclusion that Zanders' allegation that he was denied lunch on July 26, 2009, and breakfast and lunch on July 27, 2009, fails to state an Eighth Amendment claim. Ferko might have violated prison policy by withholding food to punish Zanders, and the fact that Zanders has diabetes and required medical attention on July 26, 2009, lends support to his constitutional claim. We conclude, however, that the alleged deprivation of three meals over two days fails to rise

4

to the level of a constitutional violation.  See Foster v. Runnels, 554 F.3d 807, 812-13 (9th Cir. 2009) (holding denial of 16 meals over 23-day period was sufficiently serious deprivation for purposes of the Eighth Amendment but denial of meals on two isolated occurrences did not rise to the level of a constitutional violation).  Thus, Zanders' Eighth Amendment claim was properly dismissed.

Although not addressed by the District Court, we also conclude that Zanders' retaliation claim against Ferko was properly dismissed.  Detailed factual allegations are not required to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, but a complaint must contain sufficient factual matter to state a facially plausible claim to relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  A claim has facial plausibility when the complaint alleges facts that allow a court to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  The well-pleaded facts must show more than a mere possibility of misconduct.  Id. at 1950.

In our earlier decision, we noted that Zanders might be able to state a claim under the First Amendment if he factually developed his claim of retaliation.  Zanders' amended complaint, however, only includes one allegation concerning Ferko's retaliatory conduct. Zanders avers that Ferko threatened him on numerous occasions in retaliation for exercising his rights to file his grievance and lawsuit and that the stress and fear of these incidents led to a stroke.  Am. Compl. at para. 21.  In his appellate brief, Zanders offers little additional information about the basis for his claim, stating only that Ferko

threatened him with bodily harm whenever Zanders encountered him. Zanders' amended complaint falls short of satisfying the standard set forth in <u>Iqbal</u>.

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2]Zanders' motion for a default judgment is denied.