**ALD-142**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1101
_____

MARILYN KENT, Appellant

v.

MICHAEL HERIDIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-07791)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 29, 2012

Before:  SLOVITER, FISHER and WEIS, <u>Circuit</u> <u>Judges</u>
(Opinion filed:  April 13, 2012)

_____

OPINION
_____

PER CURIAM.

Marilyn Kent appeals pro se and in forma pauperis from the United States District

Court for the Eastern District of Pennsylvania's order dismissing her complaint.  Because

this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

In December 2011, Kent filed suit against Michael Heridia, from whom she apparently leased a barn in Bucks County, Pennsylvania, to house her horses. Her complaint asserted that Heridia had violated several criminal statutes when, in 2002, a loud piece of machinery that he was using scared one of her horses, causing it to injure itself and leaving it unable to race. Kent stated although she reported the incident to the Dublin, Pennsylvania police, they did nothing "to uphold the crimes code" due to their corruption. She also seemed to assert that Heridia discriminated against and harassed her, and would not allow a veterinarian to check on the horse. Kent's claim for relief stated that she sought $5 million for "crime, corruption, loss and inability to proceed" because "this horse was a winner."

The District Court granted Kent's motion to proceed in forma pauperis and at the same time dismissed the matter under 28 U.S.C. § 1915(e). The District Court first explained that, Kent, as a private citizen, did not have the right to bring a criminal case against Heridia. Additionally, she could not bring a breach of contract action under the District Court's diversity jurisdiction because both she and Heridia are Pennsylvania residents. Finally, the District Court stated that the events giving rise to the complaint occurred in 2002, and thus, "[r]egardless of what type of action plaintiff is attempting to bring . . . it is now time-barred and must be dismissed for that reason."

Kent now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). If a complaint is vulnerable to dismissal, a district court generally must first permit the plaintiff to file a curative amendment. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (observing that in civil rights cases, "leave to amend must be granted sua sponte before dismissing" the complaint). However, dismissal without leave to amend is justified on grounds of bad faith, undue delay, prejudice, or futility. Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004).

Here, the District Court did not err in dismissing the complaint without providing Kent with an opportunity to amend her complaint, because any such amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). As the District Court determined, it was apparent from the face of the complaint that the allegations, to the extent that they even constituted actionable claims, were time-barred. Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no further development of the record is necessary. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

3

In this case, the events that gave rise to the complaint occurred in 2002. Kent did not, however, file her federal cause of action until 2011. To the extent that she sought to raise a breach of contract or tort claim due to the injuries to her horse, those claims are subject to statutes of limitations of two and four years, respectively. See 42 Pa. Cons. Stat. Ann. § 5525 (breach of contract claims); 42 Pa. Cons. Stat. Ann. § 5524(7) (tort claims). In addition, insofar as Kent sought to raise a civil rights claim against the Dublin police department, such a claim is subject to Pennsylvania's two-year statute of limitations for personal injury claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); 42 Pa. Cons. Stat. Ann. § 5524(7). Accordingly, it is apparent from the face of the complaint that the statutes of limitations expired well before Kent filed suit in federal court.

Finally, the District Court correctly concluded that Kent cannot bring any type of criminal claim against Heridia, as private persons do not have a "judicially cognizable interest in the prosecution . . . of another." See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.