GLD-159                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1187
_____

MARILYN KENT,
                                                Appellant

v.

JOSEPH GEAKE, INC.; JOSEPH GEAKE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-07925)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 12, 2012
Before:  FUENTES, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 24, 2012)

_____

OPINION
_____

PER CURIAM

    Marilyn Kent appeals pro se from the United States District Court for the Eastern

District of Pennsylvania's order dismissing her complaint.  For the following reasons, we

1

will affirm in part and vacate in part the District Court's order.

I.

In December 2011, Kent filed a motion to proceed in forma pauperis ("IFP") in the District Court. Her complaint was entered on the District Court's docket on January 9, 2012, the same day that it granted Kent's motion to proceed IFP and dismissed her complaint pursuant to 28 U.S.C. § 1915(e).

Kent's complaint, which is one in a series of actions involving her horses, appears to assert that in 2009 she and Joseph Geake entered into a contract in which she leased their farm, which included a barn, outdoor and indoor arenas, and a pasture. She states that she then entered into a contract with a boarder for seven horse stalls but that the boarder breached her contract by bringing thirteen rather than seven horses. Kent told the boarder that she would have to move her horses. Soon thereafter, Geake told Kent that she (Kent) needed to leave the premises. Kent asserts that Geake violated several criminal statutes, discriminated against her, harassed her, slandered her, and breached his contract with her.

The District Court's order dismissing the complaint explained that Kent, as a private citizen, did not have the right to bring a criminal case against the defendants nor could she proceed on a civil cause of action based on federal criminal laws. Additionally, the District Court stated that she had not met the requirements for bringing a breach of contract action under the District Court's diversity jurisdiction because she and the

2

defendants are Pennsylvania residents, and that she failed to state a claim for discrimination.

Kent now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

If a complaint is vulnerable to dismissal, a district court generally must first permit the plaintiff to file a curative amendment. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (observing that in civil rights cases, "leave to amend must be granted sua sponte before dismissing" the complaint). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

Here, the District Court properly dismissed any criminal claims that Kent attempted to bring, as amendment of those claims would be futile because a private person does not have a "judicially cognizable interest in the prosecution . . . of another." See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). However, the District Court erred by dismissing Kent's potential discrimination and state law claims without providing her with leave to amend the complaint. There is no doubt Kent's complaint is wholly inadequate in its current state. But while it appears that she cannot meet the requirements for diversity jurisdiction or for setting forth a civil rights claim, we cannot

3

say, at this stage, whether amendment would be futile.  See Fletcher-Harlee Corp., 482 F.3d at 252; 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Accordingly, we will affirm in part, vacate in part, and remand the matter for proceedings consistent with this opinion.