**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1655
_____

MANUEL G. SANTOS,
                                Appellant

v.

IRON MOUNTAIN FILM & SOUND;
JOHN DOES 1-10;
JEFF DOES 2-20;
JANE DOES 1-10;
MARY DOES 2-20;
XYZ CORPORATIONS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-12-cv-04214)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 24, 2014
Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: November 25, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Manuel Santos, proceeding pro se, appeals the District Court's dismissal of his second amended complaint alleging discrimination by his former employer, Iron Mountain Film & Sound. For the reasons set forth below, we will affirm the District Court's judgment.

Santos is a resident of Passaic, New Jersey. He is Honduran. He states that he had worked for Iron Mountain, a media management company with offices in New Jersey, for approximately twelve years when the incident leading to his termination occurred. On March 8, 2011, Iron Mountain management discovered that some client media was missing. Employees, including Santos, were directed to search for it. The search continued the following day, when the cleaning woman informed the office coordinator that one of the toilets was clogged. Santos joked to his co-workers that someone must have flushed the missing media down the toilet and clogged it. The next day, a plumber found film in the pipe.

At this point, Santos claims that he was singled out and mistreated. He states that he was given different duties so that management could more closely supervise him and a co-worker. He claims that his supervisor removed him from his duties the following week, and kept him waiting in an office for two hours without explanation. He was not permitted to use a bathroom unescorted. He was called into a room with two private investigators and two employees from the human resources department, at which time he

2

was questioned about the missing media. He was then sent home and put on paid suspension.

On March 21, Santos was brought in for another round of questioning. He denied taking the film or knowing who did. On April 14, the manager of the human resources department called Santos and informed him that his employment was terminated. He received the same information several days later in a letter, which stated that, after a thorough investigation, Iron Mountain determined that Santos either had knowledge of or was involved directly in the loss of client media, and that he was terminated on account of this gross misconduct.

Santos filed a complaint against Iron Mountain in the District of New Jersey on July 6, 2012. He alleged unlawful discrimination on the basis of national origin, pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2(a)) and the New Jersey Law Against Discrimination (N.J. Stat. Ann. § 10:5-12). He also argued claims of defamation, slander, and libel. After Santos filed an amended complaint, Iron Mountain moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss it for failure to state a claim. The District Court granted that motion without prejudice, allowing Santos to file a second amended complaint within thirty days. Santos did so, and Iron Mountain again moved to dismiss the complaint under Rule 12(b)(6). The District Court concluded that Santos still failed to state a claim under Title VII, and it declined to exercise supplemental jurisdiction over his remaining state law claims. The second amended

complaint was consequently dismissed with prejudice. Santos filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

The District Court was correct to dismiss the complaint. To state a prima facie case of discrimination under Title VII, Santos must allege that he is (1) a member of a protected class; (2) who was qualified for his position; and (3) who was discharged "under conditions that give rise to an inference of unlawful discrimination." See Geraci v. Moody-Tottrup, Intern., Inc., 82 F.3d 578, 580-81 (3d Cir. 1996); see also Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989). Liberally construing the complaint and accepting the facts stated therein as true (which we must at this stage — see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) and Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008), respectively), we determine that the first two prongs are fulfilled. Santos says that he emigrated from Honduras; Title VII does preclude discrimination on the basis of national origin. See 42 U.S.C. § 2000e-2(a)(1). And he claims to have held his position for twelve years, which suggests he was qualified for it. But as the District Court rightly concluded, he has not sufficiently pleaded that his discharge occurred under conditions that suggest unlawful discrimination.

The crux of a Title VII claim is that an employee has been treated less favorably than others on account of his race, color, religion, sex, or national origin. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003). But to survive a motion to dismiss,

4

Santos cannot merely state that he was discharged due to his national origin. That is a conclusory assertion and will not suffice. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Instead, he must plead facts that plausibly connect his national origin to his discharge. Id. Here, he has submitted nothing but the naked assertion that he was discharged because he is Honduran, and he has thus failed to state a prima facie case of discrimination. The complaint was properly dismissed under Rule 12(b)(6). See id.; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); cf. Sarullo, 352 F.3d at 798. Lastly, the District Court did not err in declining to exercise supplemental jurisdiction over the remaining state law claims, once it had dismissed the only claim over which it had original jurisdiction. See 28 U.S.C. § 1367(c)(3).

Accordingly, we will affirm the judgment of the District Court.