**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3735
_____

FRANCES LAGUARDIA, individually and as Executrix
of the Estate of James Vincent LaGuardia, deceased,
Appellant

v.

ROSS TOWNSHIP; HOWARD BEERS, JR.;
RUSSELL A. KRESGE, JR.; TINA DRAKE;
*TODD MARTIN; JOHN DUNN

(*Dismissed Pursuant to Clerk's Order entered 2/28/17.)
_____

No. 16-3736
_____

PATRICIA A. BAUER; RICHARD E. BAUER,
Appellants

v.

ROSS TOWNSHIP; HOWARD BEERS, JR., individually
and in his official capacity as Ross Township Supervisor;
RUSSELL A. KRESGE, JR., individually and in his official
capacity as Ross Township Supervisor; TINA DRAKE,
individually and in her official capacity as Ross Township
Supervisor; *TODD MARTIN, in his individual capacity and
as Sheriff of Monroe County; JOHN DUNN, in his official
capacity as Ross Township Solicitor

(*Dismissed Pursuant to Clerk's Order entered 2/28/17.)

_____

No. 16-3737
_____

LINDA A. GOSS-KOZIC, individually and as
Administratrix of the Estate of Gerard J. Kozic, deceased,
Appellant

v.

ROSS TOWNSHIP; HOWARD A. BEERS, JR., individually
and in his official capacity as Ross Township Supervisor;
RUSSELL A. KRESGE, JR., individually and in his official
capacity as Ross Township Supervisor; TINA DRAKE,
individually and in her official capacity as Ross Township
Supervisor; *TODD MARTIN, in his individual capacity as
Sherrif of Monroe Capacity; JOHN DUNN, individually and
in his official capacity as Ross Township Solicitor

(*Dismissed Pursuant to Clerk's Order entered 2/28/17.)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Nos. 3-15-cv-01475, 3-15-cv-01523, 3-15-cv-01479)
District Judge: The Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 27, 2017
_____

Before: McKEE, VANASKIE, and RENDELL, *Circuit Judges*.

(Filed: August 3, 2017)

_____

OPINION[*]

_____

McKEE, *Circuit Judge.*

Plaintiff-Appellants Frances LaGuardia, Patricia and Richard Bauer, and Linda Goss-Kozic appeal the District Court's dismissal of their Section 1983 claims against Defendants Ross Township, the Ross Township Supervisors, Solicitor Dunn, and Sherriff Martin for damages sustained when township resident Rockne Newell opened fire at a township meeting, killing or injuring the Plaintiffs or their decedents. Even accepting all Plaintiffs' allegations as true, we conclude that Plaintiffs have not stated a plausible claim for relief. Accordingly, we affirm the District Court's orders dismissing the actions and denying leave to amend the complaints.

I[1]

Plaintiffs' claims are based on the theory that Newell's shooting was in response to Defendants' twenty-plus-year "multi-faceted campaign" against Newell, motivated primarily by the Supervisors' desire to acquire Newell's property.[2] Plaintiffs allege that the Defendants disproportionately enforced zoning, environmental, and nuisance

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write primarily for the parties who are familiar with this case, we set forth only those facts necessary to our conclusion.

[2] *See* Appellant's Br. 8; J.A. 14, 25.

ordinances against Newell to obtain a judgment against him and force him off his land.[3]

Plaintiffs also claim that Defendants knew of Newell's dangerous propensities and failed

to adequately protect meeting attendees despite the known threat. In their complaints and

motions to amend, Plaintiffs cite to instances where Newell was threatening or violent to

Defendants and other township officials, particularly when he felt the ownership of his

property was being threatened.[4]

The District Court dismissed the actions for failure to state a claim and denied

Plaintiffs' motions to amend their complaints as futile.[5] Plaintiffs appeal.

---

[3] The Township assessed fees against Newell for multiple ordinance violations including (1) storing fecal matter on his property without a permit, (2) building a residential structure on the property without a permit, (3) building a culvert under his driveway to direct storm water without a permit.

[4] Specifically, Plaintiffs allege in their complaint and motion to amend that: (1) At some point in the past, Newell told Solicitor Dunn after a court hearing that Newell "would have shot [him] that night," had Newell been deprived of his property by the court; (2) Attorney Michael Kaspszyk notified Solicitor Dunn "well in advance" of the shooting that Newell had displayed "disturbing" and "alarm[ing]" behavior; (3) At some point, Newell spoke to Supervisor Kresge at a diner and said, "You keep this up, and we're going to meet somewhere, me and you. When we're done, it will only be me;" (4) Sometime in the past, Newell threatened Sheriff Martin that if Martin were to come to Newell's property and take it, Martin should shoot Newell because Newell did not want to have to shoot Martin; (5) Newell "threatened physical violence" to Solicitor Dunn and Supervisor Kresge at some point in the past. J.A. 91–92, 94, 310–12, 487–89. Rockne Newell's father also told deputies serving the sale documents that Newell was upset about the sale and warned them that "people are going to die over this." J.A. 93–94, 312, 489.

[5] *LaGuardia v. Ross Twp.*, No. CV 3:15-1475, 2016 WL 4502443 (M.D. Pa. Aug. 29, 2016); *Bauer v. Twp.*, No. CV 3:15-1523, 2016 WL 4502448 (M.D. Pa. Aug. 29, 2016); *Goss-Kozic v. Ross Twp.*, No. CV 3:15-1479, 2016 WL 4502445 (M.D. Pa. Aug. 29, 2016).

4

"Under Section 1983, a plaintiff must plead a deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law."[7] Here, the Plaintiffs claim that Defendants' actions violated their Fourteenth Amendment substantive due process rights. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."[8] However, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."[9] Even given this general rule, a plaintiff may nevertheless recover if the harm suffered was a result of a "state-created danger."[10] We have articulated that recovery under the state-created danger theory requires the plaintiff to show the following:

> (1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; [and] (4) the state actors used their authority to create an opportunity that otherwise

---

[6] The District Court had jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. When reviewing an order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), our review of the district court is plenary. *Mariotti v. Mariotti Bldg. Prod., Inc.*, 714 F.3d 761, 765 (3d Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Finally, leave to amend pleadings should be freely granted unless the curative amendment would be "inequitable, futile, or untimely." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

[7] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008).

[8] U.S. Const. amend. XIV, § 1.

[9] *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).

[10] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 907 (3d Cir. 1997).

would not have existed for the third party's crime to occur.[11]

Here, Plaintiffs' substantive due process claims fail the first requirement: The harm here was not a "foreseeable" or "fairly direct" consequence of Defendants' actions. To adequately plead foreseeability, "we require a plaintiff to allege an awareness on the part of the state [or municipal] actors that rises to [the] level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm."[12]

Here, even if Defendants were aware that Newell was erratic and threatening at times over the course of twenty-plus years,[13] we cannot conclude that Newell's act of murdering township residents at a public mass shooting was a direct or foreseeable consequence of enforcing zoning ordinances and satisfying a judgment. Plaintiffs do not allege that the Supervisors were aware of any specific threats made by Newell near the time of the sale. Generally erratic or threatening behavior displayed over twenty years does not translate to "sufficiently concrete" notice that Newell would choose to commit a public mass shooting on that day.[14] The only warning alleged to have occurred within fairly close proximity to the sale or meeting was an incident involving Newell's father (not Rocke Newell himself) telling the sheriff's deputies (not any of the Defendants) that Newell was upset over the sale and that "people are going to die over this."[15] This threat is insufficient as a matter of law to conclude that Defendants had "actual knowledge or an

---

[11] *Id.* at 908 (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir. 1996)).
[12] *Phillips*, 515 F.3d at 238.
[13] *See* J.A. 91–92, 94, 310–12, 487–89.
[14] *Phillips*, 515 F.3d at 238.
[15] J.A. 93–94, 312, 489.

6

awareness of" the "concrete" risk that Rockne Newell would arrive at the township meeting on that day with an arsenal in tow and begin to fire at attendees.[16]

We also agree with the District Court that the harm was not a "fairly direct" result of Defendants' conduct.[17] We have held that "a distinction exists between harm that occurs to an identifiable or discrete individual under the circumstances and harm that occurs to a random individual with no connection to the harm-causing party" who "happened to be in the path of danger."[18] That is, "the harm visited on the plaintiffs [must be] more foreseeable than the random attack."[19] Here, Plaintiffs, as attendees of the township meeting open to the public, are more akin to "random individual[s]" who "happened to be in the path of danger."[20] Plaintiffs' harm was a direct result of only the actions of Rockne Newell, not the Defendants. Accordingly, Plaintiffs have failed to plead as a matter of law that the harm suffered was a foreseeable consequence of Defendants' actions and therefore cannot plausibly plead state-created danger claims.

## III

In denying Plaintiffs' claims and affirming the District Court, we by no means wish to diminish the devastation wreaked by this unspeakably horrifying, senseless, and tragic act of violence. Furthermore, we are not insensitive to the extraordinary disruption that Newell's actions caused everyone in the community. However, binding precedent of

---

[16] *See Phillips*, 515 F.3d at 238.

[17] *LaGuardia*, 2016 WL 4502443, at *7; *Bauer*, 2016 WL 4502448, at *8; *Goss-Kozic*, 2016 WL 4502445, at *8.

[18] *Phillips*, 515 F.3d at 239 (internal quotation marks omitted).

[19] *Id.* (quoting *Morse*, 132 F.3d at 909).

[20] *Id.* at 240 (internal quotation marks omitted).

our own court and the Supreme Court of the United States limits the extent to which liability can be imposed on state or municipal actors based on the criminal actions of third parties. For the reasons set forth above, we affirm the District Court's dismissal of the actions and denial of Plaintiffs' motions to amend the complaints as futile.