**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3739
_____

TIMOTHY S. RISTER,
Appellant

v.

YADKIN BANK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:14-cv-05079)
District Judge: Honorable Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2017

Before:  GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 15, 2017)
_____

OPINION*
_____

PER CURIAM

    Timothy Rister appeals pro se from the dismissal of his amended complaint.  For

the reasons discussed below, we will affirm the District Court's judgment.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Rister is the guarantor on a defaulted Small Business Administration ("SBA") loan with appellee Yadkin Bank. After the bank sent Rister a letter demanding payment on that SBA loan, Rister filed a pro se complaint in the District Court alleging various tort and contract claims. Yadkin Bank filed a motion to dismiss. After further briefing, some settlement discussions, and additional motion practice, the District Court dismissed all but one count of the complaint with prejudice, on the ground that those counts failed to state claims upon which relief could be granted and because further amendment of those counts would be futile. Count Four, the lone count that the District Court dismissed without prejudice, alleged that Yadkin Bank had failed to define and quantify a "commitment fee" in the documents it disclosed to Rister to secure his guarantee on the loan. The District Court granted Rister leave to file an amended complaint setting out that Count Four in more detail since it could not find a reference to a "commitment fee" or its meaning in the complaint or attached exhibits.

Rister then filed an amended complaint that focused almost entirely on other counts that had already been dismissed, rather than simply adding facts to support and clarify the allegations about the "commitment fee." Two main points appeared in the amended complaint. First, it alleged that the terms "packaging fee" and "SBA fee" in the commitment letter that Rister received were vague and ambiguous. Second, it sought to resurrect allegations from the original complaint about a $36,000 credit for a landlord construction contribution that Rister said should have been applied to the loan balance. As a result of the failure to apply that credit, Rister contended, Yadkin Bank had purportedly failed to disclose that it had "increased" the loan amount.

2

Yadkin Bank moved to dismiss that amended complaint as well. Rister thereafter untimely sought reconsideration of the District Court's first dismissal order, and filed additional motions that are not at issue here. In that motion for reconsideration, Rister argued that the District Court should have granted him leave to amend counts in the original complaint that the District Court had dismissed with prejudice, not just Count Four. The District Court then granted the motion to dismiss the amended complaint, denied the request to reconsider its initial dismissal order, and denied Rister's other requests for relief. This appeal followed.[1]

On appeal, Rister contends that the District Court should have provided him what he calls additional accommodations because he is regarded as disabled, such as including allegations in Rister's response to the motion to dismiss as part of his complaint, and giving Rister an additional opportunity to re-plead certain counts in his complaint. In particular, Rister argues that the District Court should have allowed him to re-plead Counts Two, Seven, and Ten in the original complaint, which Rister now says all relate to the idea that Yadkin Bank allegedly increased the amount due on the loan without notice required under its agreement with him.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). When

---

[1] Rister contends in his reply brief that Yadkin Bank's brief should be stricken on the ground that Yadkin Bank's counsel is not a Pennsylvania attorney. That contention, however, fails to take into account that counsel provided the required certification pursuant to Third Circuit LAR 46.1(e) that counsel is a member of the bar of this Court.

considering a motion to dismiss, we construe a pro se plaintiff's pleadings liberally. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). The Court may consider the allegations in the complaint and exhibits explicitly relied upon in the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We review the denial of leave to amend the complaint for an abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). A District Court may dismiss a complaint without leave to amend on "grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

We also review a District Court's order denying a motion for reconsideration for an abuse of discretion. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). "The scope of a motion for reconsideration . . . is extremely limited[,]" and should "be used only to correct manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

Rister's first point on appeal has some merit, although not for the reasons that Rister offers. When the District Court assessed whether to reconsider its order dismissing

4

all but Count Four in Rister's original complaint with prejudice, it rejected the premise that Rister's assertion of disability required it to look beyond Rister's complaint and exhibits, and to also consider the allegations in Rister's response to the motion to dismiss. As part of the effort to construe a pro se litigant's pleadings liberally, however, we have held that it may be proper to consider certain material outside a pro se litigant's complaint and exhibits when ruling on a motion to dismiss. See Mack v. Warden Loretto FCI, 839 F.3d 286, 291 n.2 (3d Cir. 2016) ("[W]e will also consider his allegations made in response to the defendants' motion to dismiss, which incorporate and are consistent with the allegations in his complaint."). Here, the District Court's analysis of the motion to dismiss should have considered those allegations in Rister's response brief that incorporated and were consistent with allegations in the complaint, irrespective of Rister's assertion of disability.

That conclusion provides no basis for reversing the District Court's judgment, however. Even when considering those parts of Rister's response to the motion to dismiss that incorporated and were consistent with the original complaint, that complaint failed to state a claim upon which relief could be granted. Rister's pleadings did not set out facts sufficient to support each of the elements of the causes of action he raised. See Iqbal, 556 U.S. at 682. And given the contents of Rister's original complaint and the exhibits thereto, it is clear that no amendment would have cured the pleading deficiencies for those counts that the District Court dismissed with prejudice in the original complaint. For that reason, leave to amend those counts was properly denied on the basis of futility. See Alston, 363 F.3d at 235. Consequently, we will not reverse the District Court's

5

judgment declining to reconsider its denial of leave to amend all counts in the original complaint except Count Four.

We discuss allegations related to Counts Two, Seven, and Ten in more detail, as it is those counts that Rister now contends he should have had an opportunity to re-plead after his original complaint was dismissed. Rister here characterizes the allegations underlying those counts as setting out his "core claim" that Yadkin Bank breached its agreement with Rister when it allegedly increased the amount due on the loan note without notice to Rister. It is these allegations that comprise the majority of Rister's amended complaint, rather than the Count Four allegations that the District Court invited Rister to amend and clarify.

Rister's guarantee with Yadkin Bank waived numerous defenses, including "any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note[.]" Rister seized on this phrase to contend that Yadkin Bank had increased the amount due without notice to him. The basis for that contention was apparently a $36,000 credit for landlord improvements that Rister says Yadkin Bank could have applied to <u>decrease</u> the loan amount. Rister inverts that idea and asserts that the failure to apply this credit amounted to an <u>increase</u> in the loan amount that he had already agreed to pay. Rister's pleadings and the exhibits attached thereto refute this idea. Those documents show that no additional $36,000 amount was ever added to the loan amount that Rister had guaranteed, and Rister has pleaded no other facts that could plausibly show that the loan amount was improperly increased. Rister's further attempt to re-plead these allegations confirms that amending them was futile, not that he should

6

have been given an opportunity to cure that pleading deficiency. The District Court therefore did not err when it dismissed any claim based on these allegations in the original complaint, and it was correct to again dismiss any such claim when Rister shoehorned these allegations into the amended Count Four concerning the meaning of "commitment fee" in the original complaint.

The other main allegations in the amended complaint concerned the terms "packaging fee" and "SBA fee" in the commitment letter that Rister received. Rister's explanation of how these two fees relate to the original allegation of an improper "commitment fee" is difficult to follow. In any event, contrary to Rister's assertion, the terms "packaging fee" and "SBA fee" were specifically quantified in the commitment letter that Rister received, and no allegations in Rister's pleadings ever set out how Yadkin Bank withheld any information that it could have been required to disclose concerning those fees. Substantially for the reasons set forth in the District Court's opinion explaining its dismissal of Rister's amended complaint, no allegation concerning a "packaging fee" or "SBA fee," nor any other allegation in the amended complaint, stated a claim upon which relief could be granted.

In sum, we conclude that Rister's complaint was subject to dismissal for the failure to state a claim even when considering relevant points in Rister's response brief to the motion to dismiss, and we find no error in the District Court's dismissal of Rister's amended complaint. For these reasons, we will affirm the District Court's judgment.

7