**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 20-2491

---

PALANI KARUPAIYAN,
Appellant

v.

ATLANTIC REALTY DEVELOPMENT CORP.,
AND MIDDLESEX MANAGEMENT,
a/k/a Oak Tree Village; D&G TOWING

---

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:18-cv-12532)
District Judge: Honorable Esther Salas

---

Submitted Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on September 3, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: September 24, 2020)

---

OPINION[*]

PER CURIAM

Palani Karupaiyan appeals from the District Court's order that granted the Defendants' motion to dismiss his complaint, and from the order that denied his motion for reconsideration. Because Karupaiyan raises no substantial issue in his appeal, we will summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

Karupaiyan filed a complaint in August 2018, raising 14 causes of action against Atlantic Realty Development Co., Inc., Middlesex Management, Inc., Oak Tree Village Associates, LLC (collectively, "Oak Tree Village"), and D&G Towing. Oak Tree Village moved to dismiss Atlantic Realty, arguing that it had "no relationship, contractual or otherwise," with Karupaiyan. Dkt. #10-1 at 6.[1] They argued that the claims against the remaining Oak Tree Village defendants should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because some claims were time-barred and the others failed to state a claim upon which relief could be granted.

Karupaiyan then filed a first amended complaint ("FAC"). Dkt. #22. The FAC contained numerous defendants (19 total) and causes of action (93 total), with over 484 paragraphs and 347 pages of exhibits. Oak Tree Village filed another motion to dismiss, repeating their argument that Atlantic Realty was not a proper defendant, and arguing that the

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Our page numbers refer to the electronic pagination assigned by CM/ECF.

FAC should be dismissed for failure to comply with Fed. R. Civ. P. Rules 8, 10, and 11, and that the complaint also should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. Dkt. #38. Karupaiyan opposed the motion.

The District Court granted Oak Tree Village's motion to dismiss and extended that dismissal to all Defendants. The District Court determined that allowing Karupaiyan to amend his complaint would be futile. Dkt. #54.[2] Karupaiyan timely moved for reconsideration, which included a motion to allow him to file a second amended complaint. Dkt. #56. The District Court denied his motion, Dkt. #59, and Karupaiyan timely appealed.

We have jurisdiction to review the District Court's judgment under 28 U.S.C. § 1291.[3] Karupaiyan's complaint was subject to dismissal "if the pleading [did] not plausibly suggest an entitlement to relief," and our review of that question is plenary. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). But we review the District Court's determination that the complaint

[2] In the same order, the District Court denied as moot Karupaiyan's renewed motion, Dkt. #53, to expedite and to void a bench order entered by a New Jersey state court. Dkt. #54 at 9. Karupaiyan does not mention that aspect of the order in his document filed in support of this appeal. But in any event, we find no error in the District Court's decision to deny his motion, as the District Court lacked jurisdiction to void a state court's order. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (barring federal court review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

[3] Karupaiyan moved to reopen in the District Court on August 3, 2020. Because his motion was not filed within 28 days of the District Court's judgment, it does not affect our jurisdiction. See Fed. R. App. P. 4(a)(4)(A)(vi).

fails to meet the short-and-plain-statement requirement of Rule 8 for an abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Likewise, denials of reconsideration and leave to amend are both reviewed for abuse of discretion. Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 367–68 (3d Cir. 2013).

We agree with the District Court that Karupaiyan's difficult-to-follow complaint fails to suggest the existence of any plausible claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And in particular, "a complaint should set forth 'who is being sued, for what relief, and on what theory, with enough detail to guide discovery.'" Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (quoting McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We liberally construe Karupaiyan's pleadings, which were filed pro se, see Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), but even under that relaxed standard his complaint fails to state a plausible federal claim against any of the Defendants, see Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (stating that although a pro se complaint is held to less stringent requirements, it must still meet Twombly and Iqbal's plausibility standard). Karupaiyan's FAC lists more than 40 laws as a basis for his claims, but he does not explain which of the 19 defendants is liable under which law, such that they could mount an appropriate defense. See generally McHenry, 84 F.3d at 1178. The District Court generously construed Karupaiyan's FAC and made every reasonable inference it could, despite

its incoherent and rambling nature. But since the FAC failed to state a claim upon which relief could be granted, the District Court's dismissal was proper.

Generally, a plaintiff should be given an opportunity to amend his complaint before the District Court dismisses it with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). But the Court need not give the plaintiff that opportunity if amendment would be futile. Id. We agree with the District Court that Oak Tree Village's first motion to dismiss informed Karupaiyan of the substantive problems of the claims in his original complaint, and that Karupaiyan remedied none of those issues in his FAC. We also agree that the FAC did not state any plausible federal claim for relief that amendment could cure. We agree with the District Court that many of the laws listed in the FAC do not provide for a private right of action. Dist. Ct. Order, Dkt. #54, ¶5. And we agree that most of the counts of the FAC "do not assert a cognizable cause of action under any existing state or federal law." Id. ¶6. What is more, many claims had been raised and rejected in prior state court proceedings, and others could have been brought in those state court proceedings. Id. ¶9 & n.6; see also Bennun v. Rutgers State Univ., 941 F.2d 154, 163 (3d Cir. 1991) (noting that New Jersey's entire controversy doctrine "precludes not only claims which were actually brought in previous litigation, but also claims that could have been litigated in the previous litigation"), abrogated on other grounds by St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515–16 (1993).[4] We thus conclude that the District Court did not

[4] We also take judicial notice that Karupaiyan has filed in the District Court a motion to reopen, with a proposed second amended complaint ("SAC"). Dkt. ##64, 65. It does not appear that the SAC remedies any of the substantive or procedural errors of the FAC.

abuse its discretion by dismissing the FAC with prejudice, or by denying Karupaiyan's motion for reconsideration, which contained a motion to amend.[5]

For all of these reasons, we will summarily affirm the District Court's orders.[6]

---

[5] And we agree with the District Court that Karupaiyan's motion for reconsideration failed to show an intervening change in controlling law, new *relevant* evidence, a clear error of fact or law, or any other extraordinary reason for reconsidering the District Court's order. See Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

[6] Karupaiyan's motion to expedite and his motion to summarily remand are denied.