CLD-111                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2876
_____

JEROME JUNIOR WASHINGTON,
Appellant

v.

SUPERINTENDENT ROBERT GILMORE; MEDICAL CHCA GUTH;
CITY OF PITTSBURGH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-00339)
Magistrate Judge:  Honorable Lisa P. Lenihan
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2022
Before: AMBRO, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 11, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Jerome Washington, a prisoner proceeding pro se and in forma pauperis, appeals from the dismissal of his civil rights claims against the City of Pittsburgh and the grant of summary judgment in favor of the remaining defendants by the United States District Court for the Western District of Pennsylvania. Because the appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

In March 2018, while incarcerated at State Correctional Institution at Greene ("SCI-Greene"), Jerome Washington filed a complaint under 42 U.S.C. § 1983 alleging that defendants Robert Gilmore, the former Superintendent of SCI-Greene, Kyle Guth, the former acting Corrections Health Care Administrator ("CHCA") at SCI-Greene, and the City of Pittsburgh violated his rights under the Eighth and Fourteenth Amendments. Washington alleged that on multiple occasions in early 2017 he was either denied medical care or was provided with inadequate medical care for his serious medical conditions. Washington asserted that defendants Gilmore and Guth, both non-medical prison officials, ignored his requests for medical care and treatment and turned a blind eye to the poor medical care provided to inmates at SCI-Greene. In addition to monetary damages, Washington sought injunctive relief including a prohibition on the use of sick call refusal cards for inmates in the Secure Residential Treatment Unit where he was housed, access to doctors willing to treat inmates with injuries and chronic medical conditions, an MRI scan, and other appropriate medical care for his serious health needs.

2

In February 2019, defendant City of Pittsburgh moved to dismiss Washington's claims against it pursuant to Fed. R. Civ. P. 12(b)(6). The District Court granted that motion, finding that none of the factual allegations in Washington's complaint took place within the City of Pittsburgh, named any agent or employee of the City of Pittsburgh, or related to any policy or procedure of the City of Pittsburgh. The District Court also found any potential state law claims to be barred by the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. Cons. Stat. § 8541. Finding that any attempt to amend would be futile, the District Court dismissed the claims against the City of Pittsburgh with prejudice.

In June 2020, following discovery, the remaining defendants, Gilmore and Guth, moved for summary judgment. After Washington responded, the District Court granted the motion for summary judgment, finding the defendants immune from suit for monetary damages in their official capacities, and that any requested injunctive relief was moot as Washington is no longer incarcerated at SCI-Greene. The District Court also granted summary judgment in favor of the defendants in their individual capacities, finding that Washington failed to adequately allege the defendants' personal involvement in the asserted violations of his rights. Alternatively, the District Court determined that, as Washington was being treated by medical professionals during the time period at issue, the non-medical defendants were not deliberately indifferent for failing to intervene in that ongoing medical care. Washington filed a timely appeal.

II.

3

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's decision to grant a motion to dismiss. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). We also exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III.

As an initial matter, we agree that the District Court properly dismissed the allegations against the City of Pittsburgh with prejudice. Washington's complaint was insufficient to state a claim for relief against the City and, to the extent any of his claims can be broadly construed as state law claims against the City of Pittsburgh, they are barred by the PSTCA. Washington's claims against the City stem from an apparent mistaken belief that SCI-Greene is located in Pittsburgh,[1] and that defendants Gilmore and Guth are employees of the City.[2] As such, the City is not a proper party to the action,

_____

[1] SCI-Greene is located in Waynesburg, Pennsylvania, not the City of Pittsburgh.
[2] In his complaint, Washington states that he "is and was at all times mentioned herein an adult citizen of the United States and a resident of the State of Pennsylvania, in the City of Pittsburgh." Further, Washington describes defendant Gilmore as warden "[f]or the

4

and we agree that offering Washington an opportunity to amend his complaint would have been futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (where a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).

We further agree that the District Court properly granted summary judgment in favor of the remaining defendants, Gilmore and Guth. Insofar as Washington sued Gilmore and Guth in their official capacities for monetary damages, we agree with the District Court that such claims are barred by the Eleventh Amendment. See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 309-10 (3d Cir. 2020) (citing Kentucky v. Graham, 473 U.S. 159, 169 (1985) (noting that "Eleventh Amendment immunity bars actions for retroactive relief against state officials acting in their official capacity."). The Pennsylvania Department of Corrections is a state instrumentality, and its officials are state agents. While a state may waive this defense by consenting to be sued, "Pennsylvania has not waived its sovereign immunity defense in federal court" and "Congress did not abrogate Eleventh Amendment immunity via § 1983." Id. at 310 (internal citations omitted).

Regarding Washington's claims for injunctive relief under § 1983, we agree with the District Court that these claims are moot as Washington is no longer incarcerated at SCI-Greene, and as the defendants are no longer employed at SCI-Greene. A federal court does not have the power to decide moot questions. See North Carolina v. Rice, 404

City of Pittsburgh Defendant as the Superintendent of SCI-Greene prison…" See Compl., ECF No. 5, at ¶¶ 3-4.

U.S. 244, 246 (1971). As the District Court noted, a prisoner's claims for injunctive relief generally become moot on his transfer from the facility at issue. Further, Washington's claims do not implicate the exception to mootness. See, e.g., Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003).

Likewise, we agree with the District Court's assessment that summary judgment was appropriate because Washington did not adequately allege the personal involvement of either Gilmore or Guth in the asserted violations of his constitutional rights. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (internal citations omitted). The record does not support that either Gilmore or Guth had any involvement in, or prior or contemporaneous knowledge of, Washington's medical care or the various events or circumstances alleged in the complaint regarding his medical care and treatment. Further, as the District Court explained, non-medical prison officials, such as Gilmore and Guth, cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Finally, as to Washington's Fourteenth Amendment claim, we agree with the District Court that it is duplicative of his Eighth Amendment claim. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion

6

of substantive due process, must be the guide for analyzing these claims." <u>Albright v. Oliver</u>, 510 U.S. 266, 273 (1994) (internal quotation marks and citation omitted).

Accordingly, we will summarily affirm the District Court's judgment. In light of our disposition, Washington's motion for appointment of counsel is denied.